*A. C. Downey* and *H. A. Downey*, for appellant.

*J. G. Berkshire*, for appellee.

---

Cade and Another *v.* Brownlee.

| 15 | 369 |
| 145 | 571 |
| 15 | 369 |
| 153 | 330 |

A lease for a term of years is personal property; and the vendor of such property has no general lien for unpaid purchase money, after he has parted with the possession.

APPEAL from the *Grant* Common Pleas.

*Friday,*
*December* 14.

PERKINS, J.—*Cade* purchased a lease, for a term of years, upon a tin-shop, and took an assignment thereof. Subsequently he sold and assigned the lease to one *Pilcher*. At

Nov. Term, 1860.

the time *Cade* assigned the lease to *Pilcher*, he had not made full payment of the price of it to his assignor, and *Pilcher* knew the fact. There was no fraud in the sale of the lease.

This is a suit to enforce a vendor's lien upon the lease in *Pilcher's* possession, (as is also the leased property,) for the purchase money unpaid by *Cade*.

Such a suit will not lie. The vendor of personal property has no general lien for unpaid purchase money, upon such property, after he has parted with the possession. Williams on Personal Property, 2d Am. ed., side p. 40. A lease for a term of years is personal property. Williams on Personal Property, by Rawle, side p. 8 *et seq.* Such lien upon real estate does not meet with universal favor. Washburn on Real Prop. 504; see *Work* v. *Brayton*, 5 Ind. 396.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for dismissal.

*A. Steele* and *H. D. Thompson*, for appellants.

*J. F. McDowell*, *I. Van Devanter* and *J. Brownlee*, for appellee.