## KETCHUM VS. ZEILSDORFF.

BREACH OF CONTRACT: *What acts of plaintiff will excuse.*
REVERSAL OF JUDGMENT: *When judgment not reversed for errors.*

1. Where logs, which A. had contracted to deliver to B. at a certain time, were seized before that time in a replevin suit brought by C., and B. became surety on C.'s bond therein; *held,* that the delivery of the logs as agreed was prevented by the act of B., and he cannot claim such delivery from A. until the replevin suit is determined.
2. It was not necessary to show any *conspiracy* betweed B. and C. to prevent the delivery of the logs by A. to B., although such conspiracy was alleged in the answer.
3. Where the evidence clearly shows a good defense, a judgment for the defendant will not be reversed for errors in the rulings of the court.

APPEAL from the Circuit Court for *Milwaukee* County.

The defendants, in December, 1866, entered into a contract in writing with one Hoxie, by which they

sold him a certain amount of pine logs, to be delivered at a certain point in Wolf river; and a part of the contract price was paid, the remainder being payable on delivery. In February, 1867, Hoxie assigned the contract to the plaintiff, who brought this action to recover damages for a failure on the part of defendants to deliver any part of the logs.

Verdict and judgment for the defendants; and the plaintiff appealed.

Various questions were raised by the record, which need not be stated here, as they were not passed upon by this court. For the same reason the arguments of counsel are omitted.

*C. Coolbaugh*, for appellant.

*Hudd & Wigman*, for respondents, to the point that plaintiff was estopped by his acts from claiming a breach of the contract, cited 5 Wis. 125; 6 id. 265; 10 id. 378.

COLE, J. From the view which we have taken of this case, the rulings of the court relied on for a reversal of the judgment, even if they were erroneous, become quite immaterial. For, if it clearly appears from the evidence that the plaintiff did anything in respect to the subject-matter of the contract, directly calculated to prevent the defendants from fulfilling it according to its terms, then it would seem that this interference on his part ought to excuse them from the performance thereof, at least so far as the time of performance was postponed by such act. The contract does not specify when the logs were to be delivered; but it was doubtless the intention of the parties that they were to be ready for delivery some time in the spring. Now, the answer sets up that the logs were ready for delivery, on the contract, on the 29th of April, 1867, when the plaintiff conspired with one Rich, his son-in-law, to obtain possession of the logs on a pretended claim of title in Rich, so that the defend-

ants might not be able to deliver them before the first of July. There is really no ground for saying there was a conspiracy between the plaintiff and Rich to prevent a delivery of the logs on the contract. But this fact does appear, from the uncontradicted testimony of the witnesses on both sides who speak to the point, that in April the logs were taken from the possession of the defendants, on a writ of replevin sued out in favor of Rich; and that the plaintiff signed the undertaking given by Rich in that action. That suit was pending and undetermined when this action was commenced, and of course the logs were in the custody of the officer or in the possession of the plaintiff in that suit, and could not be delivered on the contract. And we are of the opinion that the plaintiff's signing the undertaking in the replevin suit was such an act as exonerated the defendants from delivering the logs on the contract until that suit should be determined. For it is a well-settled principle, that if a party is prevented from fully performing his contract by the fault of the other party, the party thus in fault cannot take advantage of his own wrong. When the replevin suit was commenced, there had been no breach of the contract. By the commencement of that suit, the delivery of the logs on the contract became impossible. It is true, the defendants might have obtained a redelivery of the logs by executing an undertaking on their part, in compliance with the provisions of the statute. But they were manifestly under no obligation to do this. They might wait the determination of that suit, and until Rich's title to the logs was adjudicated and settled. The plaintiff, by signing the undertaking in the replevin suit, became a *quasi* party to that action. *Pratt v. Donovan*, 10 Wis. 378. And having been instrumental, by means of that suit, in preventing the defendants from delivering the logs, what ground has he now to complain that there has been a breach of the contract?

The circuit court seemed to think that unless the evidence showed that the plaintiff conspired with Rich in the commencement of the replevin suit, and intentionally put it out of the power of the defendants to deliver the logs as they were bound to do, this branch of the defense must fail. But we cannot see that the question of intention is at all material. The real question is: Were the defendants prevented from performing their contract by the acts of the plaintiff? And if they have been thus prevented, then surely they ought not to be liable for non-performance so long as his acts hinder them from fully performing, regardless of his intention. By signing the undertaking, he interfered with the possession of the defendants, and connected himself with the replevin suit. He must now abide the consequences of his acts. He certainly should not complain of a non-delivery of the logs, so long as such delivery is hindered or postponed by his act; for clearly he has waived the performance of the contract, so far as time is concerned. He must now wait the result of the replevin suit before he can be allowed to allege a breach of the contract. When that suit is determined, he may, with some justness, call upon the defendants to deliver him the property mentioned in the contract, and perform their obligation under it.

These remarks virtually dispose of the case. There may have been error in some of the rulings of the court on the trial, but that cannot change the result. Upon the undisputed facts of the case, clearly no recovery could be had, for the reasons given above.

*By the Court.*—The judgment of the circuit court is affirmed.