## SHERLOCK ET AL. *v.* THE FIRST NATIONAL BANK OF BLOOMINGTON

BILL OF EXCEPTIONS.—*Filing.*—Where, time beyond the term having been given in which to file a bill of exceptions, a bill has been filed, but it does not appear at what time it was filed, or that it was filed within the time limited, it does not constitute a part of the record.

INSTRUCTIONS TO JURY-—*Exception.*—Where general instructions are given by the court to the jury, embracing several distinct propositions, an exception cannot be taken to the entire series by noting at the close thereof an exception as provided in section 325 of the code; but such exception must be noted at the close of each distinct proposition. Such distinct propositions should be numbered as separate instructions, and either party may require that this be done.

From the Monroe Circuit Court.

*F. Wilson* and *M. F. Dunn,* for appellants.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

WORDEN, J.—Action by the appellee against the appellants and others, upon a promissory note.

The appellants pleaded, severally, *non est factum,* under

oath.   On the trial of the issue by a jury, there was a verdict and judgment for the plaintiff.

The appellants make points in relation to the evidence, but the evidence cannot be regarded as in the record.   Sixty days were given in which to file a bill of exceptions, and a bill was filed setting out evidence; but the time at which the bill was filed does not appear, nor does it in any way appear that it was filed within the time limited.   The bill of exceptions, therefore, constitutes no part of the record.   Busk. Prac. 144, and cases there cited.

The appellants object to certain instructions given, but there was no proper exception taken to the instructions.

The court gave general instructions to the jury, involving a number of distinct propositions.   These were properly signed by the judge; and, after the judge's signature, it was noted that they were "given by the court, and excepted to by the defendants, Sherlock and Chambers," and this was signed by their counsel.   But the instructions were not numbered, as they clearly should be, where they embrace distinct propositions.   The statute provides, that "when the argument of the cause is concluded, the court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party."   2 G. & H. 198, sec. 324, fifth clause.   Then it is provided, by the next following section, that "a party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, 'refused and excepted to,' or 'given and excepted to,' which shall be signed by the party or his attorney."

It was not the intention that exception should be thus taken, *en masse*, to an entire series of instructions, but that the exception should be noted at the "close of each instruction."   Hence, the statute requires them to be numbered, which might have been required by either of the parties; and they should be so separated and numbered, as that each charge, or number, shall contain, as near as may be, but one

entire proposition. Where the charges are thus separated and numbered, counsel can at once determine to which they wish to except; and should exception be taken to each, the court will be advised that all are excepted to, and not be compelled to grope in the dark for supposed errors, lurking somewhere in the series of charges, but not located, by the exception, upon any particular one.

What we have said disposes of all the questions involved in the case.

The judgment below is affirmed, with costs, and five per cent. damages.

BUSKIRK, J., was absent.