## RICKETTS v. DORREL.

REPLEVIN.—*Fence.*—*Fixture.*—Fence rails and stakes, though unlawfully taken and detained by a wrong-doer, when used by him in the construction of a fence upon his real estate, thereby become part of such realty, and can not be replevied by the owner as personal property.

SAME.—When an article is made personal property, by being severed, by a wrong-doer, from the realty to which it first belonged, it may be replevied, by the owner, as long as its separate identity can be ascertained; but not after it has been united to and forms part of any realty.

SAME.—*Statute Construed.*—*Action.* — *Real.* — *Personal.* — The legislature of this State did not, by the enactment of the code abolishing the distinctions between actions at law and suits in equity, and between the forms of such actions and suits, thereby abolish the distinction existing between real and personal actions, so as to allow rights in, or injuries to, real property to be determined in an action for replevin.

NEW TRIAL.— *When to be Asked.*—A motion for a new trial of a cause must be made at the term at which the finding or verdict therein is rendered.

From the Ohio Circuit Court.

*H. W. Harrington*, for appellant.

*D. T. Downey* and *A. C. Downey*, for appellee.

BIDDLE, J.—Replevin, commenced before a justice of the peace. The cause of action is stated as follows:

" William Dorrel, being duly sworn, says that his personal property, consisting of seven hundred and thirty-eight rails of walnut and oak wood, of the value of fifteen dollars, and one hundred and sixty-four stakes of oak and

walnut wood, of the value of five dollars, have been wrongfully taken and are unlawfully detained by James C. Ricketts; that said personal property has not been taken by virtue of any execution or other writ against him, and that he has sustained damages, by said wrongful taking and unlawful detention, in the sum of twenty-five dollars," etc.

Before the justice of the peace, the appellant moved the court to dismiss the action and quash the writ of replevin. His motion was overruled. Answer, general denial and two special paragraphs. During the trial before the justice, "It appeared to the court that the title to land was under dispute," and he thereupon certified the case to the Ohio circuit court. The parties in the circuit court appeared to the action, and the appellant, without taking any exceptions to the mode in which the case had been certified up, moved to dismiss the action. His motion was overruled, and exceptions reserved. Trial by jury, general verdict for appellee, and for five dollars damages, with answers to special interrogatories as follows:

"1. Is William Dorrel the owner and entitled to the possession of the rails and stakes described in the complaint?

"Answer. Yes.

"2. Was Dorrel the owner of the east half of the line fence between him and Ricketts, before the same was removed by Ricketts?

"Answer. Yes.

"3. Did the rails and the stakes in the complaint named, at the time when this suit was brought, and when seized by virtue of the writ of replevin herein, form a part of a partition fence, dividing the lands of Dorrel and Ricketts?

"Answer. Yes.

"4. At the time this suit was brought, and when they were seized by virtue of the writ of replevin herein,

did they form a part of, and were they connected with, a standing fence?

"Answer. Yes."

The appellant moves "the court, upon his written motion, now filed, for a judgment on the special findings of the jury herein."

These proceedings were had at the January term of the court, 1875. At the March term of the court, 1875, the motion for judgment on the special findings was overruled, and exceptions reserved. No application or motion for a new trial, upon written causes filed, was made at the term the verdict was rendered. No question, therefore, which arises under a motion for a new trial, is presented in the record. *Krutz* v. *Craig*, 53 Ind. 561; *Griesel* v. *Schmal, post*, p. 475; *Sherlock* v. *The First National Bank, etc.*, 53 Ind. 73; *Marshall* v. *Beeber*, 53 Ind. 83.

In support of the motion for a judgment on the special findings, it is insisted that they show the rails and stakes replevied to have been, at the time, erected into a fence, and remaining a part thereof; and that the fence, being a part of the realty, and owned by the parties as tenants in common, can not be replevied as personal goods.

The special findings in this case plainly show that the rails and stakes replevied, at the time the suit was commenced, and when they were taken by virtue of the writ, constituted a part of a standing fence, and were, therefore, a part of the realty. We are of the opinion that they were not "personal goods," in the true meaning of the statute authorizing replevin, (2 R. S. 1876, p. 628, sec. 71) and, therefore, not subject to be replevied, even admitting that they were wrongfully taken and wrongfully detained, and wrongfully put in the fence, by the appellant. If a person wrongfully took and detained shingles, and nailed them upon his roof, or wrongfully took and detained brick, and laid them in a wall, it would be a mischievous and unsafe rule to allow the owner to replevy them, even though his rights were greatly out-

raged. There are other remedies to redress a wrong of this kind; and in laying down the present rule as law, we deny the party no right, but simply refuse him a remedy by replevin. In the present case, if the appellee has suffered a wrong, we think he has mistaken his remedy to redress it.

The judgment is reversed, with costs. Cause remanded for further proceedings.

### On petition for a rehearing.

BIDDLE, J.—The earnestness of the petition for a rehearing in this case convinces us of the sincerity of the petitioner, but it seems to us that he has misconceived the scope of the opinion pronounced. He labors to convince us that when a tree is wrongfully converted into rails, they may be replevied; and when timber is wrongfully cut and converted into coal, the coal may be replevied; and cites other similar cases. The opinion nowhere controverts these propositions. When an article is made personal property by being severed from the realty to which it first belonged, it may be replevied as long as its separate identity can be ascertained, whatever shape it may take; but when an article of personal property, though wrongfully taken, has become real estate by being attached to the realty, it can not be replevied, because it has lost its separate identity, and its character as personal property. To apply these principles to the present case:—If rails are wrongfully taken from a fence, they become personal property and may be replevied by the owner; but if rails are wrongfully taken and put into a fence, and thus made a part of the realty, they can not be replevied, because they have lost their separate identity, and can not be delivered without detaching them from the realty, of which they have become a part. And this is precisely the case we are considering. We have examined the authorities cited by the petitioner, and, as we read them,

all the cases in replevin are against the petitioner. In *Davis* v. *Easley*, 13 Ill. 192, it is held, that a party may maintain replevin for boards made from trees wrongfully cut on his land; and also held that the owner of personal property, wrongfully taken, may replevy it so long as it can be identified, unless it is annexed to or made a part of some other thing which is the principal, as timber converted into a house, grain converted into malt, or coin converted into a cup.

The appellee also labors hard, and cites many authorities, to show us that a wrong-doer can not obtain any title in the property he wrongfully takes, as against the owner— a proposition nowhere disputed; but it does not follow that the action of replevin will lie in all cases, merely because the owner has not lost the title to his property. Nor will our statute abolishing the distinction between the forms of actions aid the appellee. The legislature can not abolish the distinction between personal and real actions, nor between actions to enforce a specific performance of a contract or recover a specific article, and those which seek merely a money judgment; nor between actions arising out of tort, and those founded upon contract; because the distinction exists in fact, and not in mere form. The distinction between the actions of debt, covenant, assumpsit, trover, trespass, trespass on the case, and suits in equity to recover money directly, may be and is abolished by the code, because the remedy sought in all these cases is the same, namely a money judgment. The appellee, therefore, can not bring his action in replevin to recover his specific rails, and, failing in that, maintain his case to recover a money judgment for their value, merely because he has not lost his property in the rails. The law affords him ample remedy if he rightly chooses it; but it is no part of the duty of this court to instruct him as to what that remedy is.

The petition is overruled.

Opinion on petition for rehearing filed at the May term, 1877.