## SMITH *v.* STANFORD.

REPLEVIN.—*Complaint in Justice's Court.—Description of the Property.— Fixture.*—In an action to recover  the possession of personal property, commenced before a justice of the peace and appealed thence to the circuit court, the cause was tried upon a complaint which described the property in controversy as " one crib of corn, said crib being the north crib of three cribs situated south of the house."

*Held*, on motion to dismiss the action for want of a sufficient complaint, and on motion in arrest of judgment, that the complaint sufficiently described the property.

*Held*, also, that, if the plaintiff sought also to recover the crib, the question as to whether it was part of the realty depended upon whether or not it was set into or attached thereto, and was matter of defence.

SUPREME COURT.—*New Trial.—Evidence.—Assignment of Error.—Practice.* —On appeal to the Supreme Court, the evidence should be in the record, to properly present any question raised by an assignment of error in overruling a motion for a new trial.

From the White Circuit Court.

*J. H. Wallace* and *Denny & Burns*, for appellant.

HOWK, C. J.—The appellee sued the appellant in this ac-

tion before a justice of the peace of White county, to recover the possession of " one crib of corn." The trial before the justice resulted in a verdict and judgment for the appellant, the defendant, from which the cause was appealed to the court below.

In the latter court the appellant moved the court to dismiss the action for the want of a sufficient complaint, which motion was overruled, and to this decision the appellant excepted.

The cause was tried by the court without a jury, and a finding made for the appellee, that he was the owner and entitled to the possession of the crib of corn described in his complaint, of a certain specified value, and that he had sustained damages by the detention of said property in the sum of one cent.

The appellant's motions for a new trial and in arrest of judgment were severally overruled, and to each of these decisions the appellant excepted.

The court then rendered judgment on its finding, from which judgment this appeal is now prosecuted.

In this court the appellant has assigned as errors the following decisions of the court below :

1. In overruling his motion to dismiss this action for the want of a sufficient complaint;

2. In overruling his motion for a new trial ; and,

3. In overruling his motion in arrest of judgment.

The first and third of these alleged errors alike call in question the sufficiency of the appellee's complaint. The evidence on the trial is not in the record ; and, therefore, the second alleged error presents no question for our consideration. The only question for decision by this court is this :

" Did the appellee's complaint in this case state facts sufficient to constitute a cause of action ? "

As we have seen, this action was commenced before a

justice of the peace.  In such cases it may be regarded as the settled law of this State that the statement by a plaintiff of " the grounds of his complaint " will be sufficient, if it will inform the defendant of the nature of the plaintiff's cause of action, and be so explicit that a judgment in the suit may be used as a bar to another action for the same cause.  *Milholland* v. *Pence*, 11 Ind. 203; *Clark* v. *Benefiel*, 18 Ind. 405; *Powell* v. *DeHart*, 55 Ind. 94; *The United States Express Co.* v. *Keefer*, 59 Ind. 263; and *Hewitt* v. *Jenkins*, 60 Ind. 110.

In section 71 of the act, *inter alia*, defining the jurisdiction, powers and duties of justices of the peace in civil cases, approved June 9th, 1852, which section was amended by an act which became a law on the 6th day of August, 1859, it was provided, among other things, that a complaint before a justice for the recovery of the possession of personal property should specifically describe such property, etc.  2 R. S. 1876, p. 628.

In the complaint in the case at bar, the appellee described the property, the possession of which he sued for, as follows : " One crib of corn, said crib being the north crib of three cribs, situated south of the house."  It must be confessed, we think, that the description of this crib of corn is not very specific.  But the object of the specific description of the property, required by the statute, would seem to be to enable the proper constable " to take the property described and deliver it forthwith " to the plaintiff in the action.  If, therefore, the description of the property sued for in this action was sufficiently specific in the appellee's complaint to enable the proper officer to take said property and deliver it to the appellee, as it seems to have been, we ought not, we think, for or on account of the mere vagueness of the description, to sustain the appellant's motion and dismiss the action.  It is claimed, however, by the appellant's counsel, that the appellee's

complaint was insufficient, for the reason that it was not apparent therefrom whether the appellee had sued in this action for the recovery of the possession of personal or real property. We do not think that the appellee's complaint in this suit is open to this objection. Of course, an action of replevin will not lie for the recovery of the possession of real property. *Ricketts* v. *Dorrel*, 55 Ind. 470. If it could be said that the appellee brought this action to recover the possession, not only of the corn in the crib, but of the crib itself, it does not follow that the crib was, of necessity, a part of the realty or real property. It may or may not have been real property, according to the facts of the case. If the crib in question was so set into or attached to the real estate as to make it a part of the realty, and if the appellee sought in and by this action to recover the possession as well of the crib as of the corn in the crib, it seems to us that it was purely matter of defence for the appellant to show, if he could, in bar of the appellee's action, at least that far forth, that the said crib was real property.

Therefore we hold that the court did not err in this case in overruling either the appellant's motion to dismiss this action, or his motion in arrest of judgment.

The judgment is affirmed, at the appellant's costs.