## SLACK ET AL. *v.* COLLINS ET AL.

[No. 17,555.   Filed Jan. 29, 1896.   Rehearing denied July 17, 1896.]

SALE.—*Personal Property.—Lien.— Parol Agreement— Statute of Frauds.*—Where lumber is purchased and used in the improvement of real estate, upon a parol agreement that the vendor should have a lien on the real estate for the purchase-price of the lumber, such agreement is within the Statute of Frauds, and cannot be enforced.

SAME.—*Personal Property.—Equitable Lien.*—An equitable lien upon real estate, does not result from the sale of personal property, even though such personal property was furnished for, and used in the erection of buildings upon such real estate.

VENDOR AND PURCHASER.—*Personal Property.—Lien.*—A vendor of personal property has no lien for the unpaid purchase-money, after parting with the possession, but must look alone to the personal responsibility of the vendee.

From the Wabash Circuit Court. *Affirmed.*

*T. G. Smith*, for appellants.

*Kenner & Lesh*, for appellees.

MONKS, J.—This action was brought, by appellants against appellees, upon a promissory note, executed

by Jesse D. Collins, one of the appellees, and to enforce an alleged lien against real estate conveyed by said Jesse D. Collins to his co-appellee, Eli A. Collins. Eli A. Collins filed a demurrer to the complaint for want of facts, which was sustained, and appellants refusing to amend the complaint, judgment was rendered in his favor. Judgment was afterward rendered in favor of appellants for the amount due on the note against Jesse D. Collins.

The only error assigned calls in question the action of the court in sustaining the demurrer of Eli A. Collins to the amended complaint. It is alleged, in the amended complaint, "that appellee, Jesse D. Collins, became indebted to appellants for lumber, and gave his note therefor, which is due and unpaid (a copy of which is set forth in the complaint); that said lumber was sold by appellants to said Jesse D. Collins, to be used in the construction of buildings and improvements on certain real estate in Huntington (describing it), then owned by said appellee, and that said lumber was so used in the construction of said buildings, which became and were real estate; that said lumber was sold and the credit given by appellants to said appellee upon the express agreement that the real estate and buildings described should be considered and held as a security for said indebtedness, and the same should be a lien thereon to secure the payment of said indebtedness; that said appellant soon thereafter become insolvent, and that while insolvent he sold and conveyed said real estate to his co-appellee, Eli A. Collins, who took the same with the full knowledge of the foregoing facts, and that said note is due and unpaid, etc. Demand for judgment on the note, and that the same be declared a lien on said real estate, and that the same be sold," etc.

We think the court did not err in sustaining the demurrer of Eli A. Collins, the subsequent purchaser, to the amended complaint. So far as the alleged lien rests upon the oral agreement set forth, it is in violation of the Statute of Frauds. *Richter* v. *Irwin*, 28 Ind. 26; *Irwin, Admr.,* v. *Hubbard*, 49 Ind. 350, 19 Am. Rep. 679; *Brumfield* v. *Carson*, 33 Ind. 94. And it is well settled that the vendor of personal property has no lien for the unpaid purchase-money after parting with the possession, but must look alone to the personal responsibility of the vendee. *Cade* v. *Brownlee*, 15 Ind. 369; *James* v. *Bird*, 8 Leigh (Va.) 510. 31 Am. Dec. 668, and note 670; *Lupin* v. *Marie*, 6 Wed. 77; *Johnson* v. *Farnum*, 56 Ga. 144; *Jenkins* v. *Eichelberger*, 4 Watts. 121, 28 Am. Dec. 691, and note 694; *Parks* v. *Hall*, 2 Pick. 206; *Fitzgerald* v. *Elliott*, 162 Pa. St. 118, 42 Am. St. Rep. 812, and note 814; *Lewis* v. *Steiner*, 84 Tex. 364; 4 Waits Actions and Def. 324; 21 Am. and Eng. Ency. of Law, 603, note 2, 608, and note 1.

If appellants had taken from the purchaser a chattel mortgage on the lumber at the time of the sale thereof, and not recorded the same within ten days, it could not have been enforced against a subsequent purchaser of the lumber, or of the real estate on which the same was used, with notice of such mortgage. *Ross* v. *Menefee*, 125 Ind. 432, and cases cited on p. 439.

It is clear that the building and improvements in which said lumber was used were real estate, and not personal property. *Seymour* v. *Watson*, 5 Blackf. 555; *Ricketts* v. *Dorrel*, 55 Ind. 470; *The Bass Foundry*, v. *Gallentine et al.*, 99 Ind. 525.

It is claimed, however, by appellant that the indebtedness mentioned in the amended complaint was a lien on the real estate upon which the lumber was

used, irrespective of the agreement for a lien, the same as in the case of purchase-money for real estate.

This was not a sale of real estate, but a sale of personal property. An equitable lien upon real estate does not result from the sale of personal property, even though such personal property was furnished for and used in the erection of buildings upon such real estate.

To obtain a lien in such cases proper steps must be taken under the statue concerning liens. Sections 7255-7267, R. S. 1894

There is no error in the record.

Judgment affirmed.