Smith v. Barber.

---

### Smith et al. v. Barber.

[No. 18,306. Filed June 6, 1899. Rehearing denied Oct. 24, 1899.]

Practice.—*Harmless Error.*—*Special Finding.*—Where the facts in a special finding rest upon a good paragraph, it is harmless error to overrule demurrers to bad paragraphs of the same pleading. *p. 327.*

Sales.—*Conditional Sale.*—*Election of Remedies by Seller.*— Where machinery was delivered and constructed into a manufacturing plant upon the purchaser's premises, under a contract of sale in which it was stipulated that the title to the property should remain in the seller until fully paid for, upon the failure of the buyer to pay the purchase price the seller may retake the property, or treat the sale as absolute and sue for the purchase price. *p. 328.*

Same.—*Conditional Sale.*—*Election of Remedies by Seller.*—Where property is sold under a contract of conditional sale, suit by the seller for the purchase price thereof is evidence of the seller's election to treat the sale as absolute. *p. 329.*

Same.—*Conditional Sale.*— *Delivery.*— *Waiver of Right to Retake Property.*—Where machinery was constructed into a manufactur-

Smith *v.* Barber.

ing plant upon the purchaser's premises, under a contract of sale conditioned that the title to the property should remain in the seller until fully paid for, it is not necessary for the seller to make a formal act of delivery, or waiver of his right to reclaim the property, before bringing suit for the purchase price.   *p. 329.*

SALES.—*Conditional Sale.—Election of Remedies.—Delivery.*—Where machinery was constructed into a manufacturing plant under a contract of sale conditioned that the title to the property should remain in the seller until paid for, it was not necessary in order to constitute a delivery that the purchaser accept the property after the seller had signified the waiver of his right to hold the title to the property as security for the purchase price.   *p. 329.*

SAME. — *Conditional Sale. — Testing Machinery.—Waiver.*—Where machinery was placed in a manufacturing plant under a contract of sale that the seller was to make a five days' test of the plant, the obstruction of the performance of the test by the purchaser amounts to a waiver of the test.   *p. 329.*

SAME.—*Conditional Sale.—Election of Remedies by Seller.—Abandonment of Lien.*—Where the seller elects to treat a conditional sale as absolute and sues for the purchase price, he thereby renounces his equitable lien.   *p. 330.*

ATTACHMENT.—*Return of Property.*—A conclusion of law that defendant was entitled to have the attached property returned to him was proper, where the finding of the court upon the issues joined was that there was nothing due the attaching plaintiffs.   *p. 331.*

PRACTICE.—*Venire De Novo.—Special Finding.*—A motion for a *venire de novo* will not lie for failure to find upon all the issues.   *p. 331.*

SAME.—*Venire De Novo.—Special Finding.*—A motion for a *venire de novo* will not be granted because mere matters of evidence and conclusions are stated in the special finding, if enough ultimate facts are found to support a judgment.   *p. 331.*

SAME.—*Venire De Novo.—Special Finding.*—A *venire de novo* will not be granted where the amount of damages is so fully stated that the amount of recovery may be determined by a mathematical calculation.   *p. 331.*

SPECIAL FINDING.—*Sufficiency.—Conditional Sale.*—A special finding in an action on a written contract of sale, which shows the execution of the written contract, the full performance of all the conditions of the contract by the seller, except where prevented by the purchaser, that the purchaser had possession of the property before suit was brought and refused to pay the purchase price, is sufficient to support a judgment for the amount found to be due the seller. *pp. 331, 332.*

SAME.—*Practice.*—A motion to make a special finding more specific is improper.   The motion should be made for a new trial.   *p. 332.*

Smith *v.* Barber.

NEW TRIAL.—*Excessive Damages.—Contracts.*—Excessive damages can only arise in actions *ex delicto*, and a motion for a new trial on account of excessive damages in an action on contract presents no question. *p. 332.*

EVIDENCE.—*Antecedent Statements.—Contracts.*—Antecedent statements will not be received in evidence to impeach the terms of a written contract. *pp. 332, 333.*

SAME.—*Principal and Agent.—Statements Made by Workmen.*—Statements made by workmen as to the merits of machinery which was being placed by them in a manufacturing plant for the seller are not binding upon the seller. *p. 333.*

APPEAL AND ERROR.—*Evidence.—Special Finding.*—Where the evidence is in conflict upon all material points, the Supreme Court will not weigh it for the purpose of ascertaining the sufficiency thereof to support the special findings. *p. 333.*

From the Boone Circuit Court.    *Affirmed in part and reversed in part.*

*Ira M. Sharp, S. M. Ralston, Michael Keefe, B. K. Elliott* and *W. F. Elliott,* for appellants.

*B. S. Higgins, P. H. Dutch, E. A. Doolittle* and *W. A. Dutch,* for appellee.

HADLEY, J.—By a written contract, appellee agreed to furnish and set up in good working order, for appellants, a plant for the manufacture of ice, of the capacity of three tons daily, the power required to operate it not to exceed five horse. Appellants agreed to furnish the buildings, necessary foundations, woodbrine and outside tanks, power and water, shaftings, hangers and pulleys necessary to transmit power to the compressor, and, during the test trial of the machinery, the power, oil, light, water, other incidentals, and necessary assistance. After it was started, appellee was to furnish an engineer to have charge of the operation of the machine for five days, during which time if it produced the stipulated amount of ice, and in other respects met the requirements of the contract, at the end of said period the plant was to be accepted by appellants and the full purchase price, $1,100, paid in cash. It was further stipulated that "all property rights in the plant are to remain in us [ap-

pellee] until it is paid for." During the progress of the construction, appellee furnished divers articles not embraced in the contract.

The suit was begun by appellants to recover damages for the breach of the contract, and, as ancillary, plaintiffs caused a writ of attachment to be sued out and levied upon certain personal property, alleged to be owned by the defendant. The complaint was in four paragraphs. The first paragraph alleged the execution of the contract and the failure of the defendant to deliver the property in accordance with the stipulations thereof, and that the market price or value of said machine at the time and place of its delivery as contemplated by the contract, was $2,600, and the plaintiffs demanded judgment for $1,500 damages sustained by them by reason of the non-delivery of the machine.

The second paragraph was upon an account for work and labor, a bill of particulars of which was filed therewith.

The third paragraph was upon an alleged oral contract for the furnishing, building, and equipping of an ice making plant of three tons freezing capacity daily, consisting of certain machinery therein described, the contract price of which was alleged to be $1,100, and that the machine was to remain the property of defendant until the same should be paid for in full; that the defendant had failed to deliver the machine according to the terms of the said contract.

The fourth paragraph alleged that by said written contract the plaintiffs were bound to do certain work and furnish a certain part of said machine, to wit, the foundation, building, and tanks; that in complying with their part of said contract, they had expended the sum of $300; that defendant had failed to comply with his part of the contract in this, to wit: That he had failed to deliver the machine described in and contemplated by said written contract, and that thereby the plaintiff's work and labor and material furnished were rendered entirely worthless, and they demand judgment for $400.

To this complaint the defendant answered a general denial and also a paragraph of set-off and four paragraphs of counterclaim. The set-off alleges the furnishing by the defendant to the plaintiffs at their special instance and request of certain machinery and articles of personal property amounting in all to the sum of $1,700.40, one item of which is dated May 25, 1895, and noted as: One three-ton ice-machine, $1,100.

In the first paragraph of his counterclaim, the defendant admits the execution of the written contract and specifically avers that he did erect the ice plant in strict compliance with his contract, and that he performed the conditions and stipulations upon his part of said contract in every respect and particular except when he was prevented from so doing by the plaintiffs; that said plaintiffs refused after said plant was started to furnish the necessary power, oil, light, water, and necessary assistance, necessary shafting, hangers, etc., to enable the defendant to make the trial run of five days, to test the machine, and did obstruct the work in the erection of the plant, by throwing off the belts, and by refusing to furnish the power and the tanks; that the plant was constructed by the counterclaimant in conformity with the contract, and that the contract price of $1,100 is due and unpaid; that, outside the contract, defendant furnished the plaintiffs, at their special instance and request, divers articles set down in a bill of particulars, all of the value of $625, which is also unpaid; that the plaintiffs have taken and now hold full possession and control of said ice plant and refuse to allow the defendant any control thereof; that the defendant is damaged by the plaintiff's breach of said contract, in failing to pay for the ice plant and extras and by failing to keep their contract, in the sum of $2,300, which is due and unpaid. Prayer for judgment and that the same be declared a lien upon the plant and one and a half acres of land upon which it is situate.

Smith *v.* Barber.

The second paragraph of the counterclaim contains substantially the same facts as the first and adds that the plaintiffs waived the five days trial test by preventing the counterclaimant from making it, by words and acts.

The third paragraph seeks to recover for the property furnished by the defendant outside the written contract; and the fourth paragraph sets up the written contract and seeks to recover damages for the fraud of the plaintiffs, and to have the property in controversy "decreed to be the property of this defendant."

Demurrers to answer of set-off and to each paragraph of the counterclaim were severally overruled. There was a trial by the court, a special finding of facts and conclusions of law, and judgment in favor of appellee.

Separate error is assigned upon the overruling of the demurrers, upon the conclusions of law, and upon the overruling of appellants' motion for a *venire de novo*, and for a new trial. The facts stated in the special finding are within and applicable to the issues joined upon the complaint, the answer of set-off, and first paragraph of the counterclaim and we will, therefore, confine our consideration to the sufficiency of the answer of set-off, the first paragraph of the counterclaim, and the conclusions of law stated upon the facts found thereunder. If the facts found rest upon a good paragraph, it is harmless error to overrule demurrers to bad paragraphs of the same pleading. *Cincinnati, etc., R. Co. v. Gregor*, 150 Ind. 625, 627; *Pittsburgh, etc., R. Co. v. Moore*, 152 Ind. 345.

It is shown from the counterclaim and special finding that appellants contracted with appellee for an ice plant for the price of $1,100; that appellants were to furnish the building, foundation for the compressor, tanks, operating power, shafting, water, and necessary assistance, and pay the full purchase price at the end of five days successful test. Appellee was to construct the plant to produce a fixed amount of ice daily, with a power not to exceed five horse.

Appellee performed all the conditions of his contract, except making the five days test, and in this he was prevented by the conduct of appellants. Appellants have possession and control of the plant, and exclude appellee from any control thereof; the purchase price remains wholly unpaid; the title to the property furnished by appellee under the written contract was to remain in him until fully paid for.

By the counterclaim, appellee seeks to recover the contract price of the plant and for certain goods furnished outside the written contract, and to have a lien declared upon the premises for the property furnished under the written contract.

The first conclusion of law states that appellee Barber is entitled to recover, on his counterclaim, the sum of $1,100, that sum being due and owing him from the plaintiffs upon the written contract in suit. The second states that appellee is entitled to recover of the plaintiffs, on his set-off after deducting all sums due from him to the plaintiffs, the sum of $249.97. Third, that appellee is entitled to recover of the plaintiffs the aggregate sum of $1,349.97.

The contract sued on is one of conditional sale. Under the rule governing such contracts, the appellee, as vendor, having delivered personal property and constructed it upon appellants' premises into a manufacturing plant with their knowledge and coöperation, under a contract of sale with appellants, in which it was stipulated that the title to the property should remain in the vendor until fully paid for, and the property and its construction having conformed to the vendor's contract, upon default by the vendees to pay the purchase price according to their agreement, the vendor had the right of election to retake the property or to treat the sale as absolute and sue for the price. *Crompton* v. *Beach*, 62 Conn. 25, 36 Am. St. 323; *Parke, etc., Co.* v. *White River, etc., Co.*, 101 Cal. 37; *Holt Mfg. Co.* v. *Ewing*, 109 Cal. 353; *Bailey* v. *Hervey*, 135 Mass. 172; *Bank* v. *Thomas*, 69 Texas 237; *McRea* v. *Merrifield*, 48 Ark. 160;

Smith *v.* Barber.

*Heller* v. *Elliott,* 45 N. J. L. 564; *Button* v. *Trader,* 75 Mich. 295; *Seanor* v. *McLaughlin,* 165 Pa. St. 150; 6 Am. & Eng. Ency. of Law, (2nd. ed.), p. 480.

In his counterclaim appellee sues for the price of the property sold. This act evidenced his election to treat the sale as absolute. We can not agree with appellants in their contention that before such a suit can be maintained there must be some formal act of delivery or tender of the completed plant, and specific waiver of the right to reclaim the property. It is alleged and disclosed by the special finding that appellants were in the actual possession and control of the property before the commencement of this suit, and we do not perceive how appellee, as vendor, could make a delivery or tender of that which was already in the possession of the vendees. A completion of the contract operated as a delivery. Benj. Sales, (6th ed.), §802. A mere matter of form is seldom required. The law looks at the substance of things, not the shadows. Neither can we approve the assertion that there could be no delivery under the contract without an acceptance by appellants after appellee had signified the waiver of his right to hold the title as security for the purchase price. Under the contract, appellants had only the right to require of appellee strict performance. Performance achieved by appellee, it was the duty of appellants to pay the purchase price according to their agreement. They had no legal concern about appellee's security. He might hold it or yield it, as he pleased, without affording them valid ground of complaint. Neither does the failure of appellee to make a five days test of the plant, under the facts alleged and found, furnish appellants a defense. Appellants prevented the test being made, and the obstruction of performance, by the party entitled, is a waiver of performance. *Peck* v. *United States,* 102 U. S. 64; *Ketchum* v. *Zeilsdorff,* 26 Wis. 514; *Wolf* v. *Marsh,* 54 Cal. 228; Benj. Sales, (6th ed.), p. 560.

The counterclaim was sufficient against demurrer, and the first three conclusions of law were properly stated. The fourth conclusion of law was in these words: "That the defendant is entitled to a specific lien on the ice plant machinery described in the written contract, and which was furnished by the defendant to the plaintiffs under the written contract, for the sum of $1,100, amount found due and owing from the plaintiffs to the defendant stated in conclusion numbered one."

In this conclusion the court erred. The ground for the lien declared is not disclosed. There is no pretense that appellee had any sort of statutory lien upon the property, and when he elected to treat the sale as absolute and sue for the purchase price, he thereby renounced his equitable lien. The reservation in his contract that the title should remain in appellee until the purchase price was paid, did not constitute a lien independent of the right of possession upon default. It was only evidence of a conditional sale and that the vendor retained the title and the right to reclaim the property, as property, upon condition broken—not the right to subject it to the payment of his debt, as the property of the vendee.

As we have seen, appellee, upon appellants' default, had a choice of remedies. He might retake his property, or treat the sale as complete and sue for the price. But he can not have both the property and the price. Neither can he treat the sale as complete without abandoning his right of possession; and the extinguishment of his right of possession was also an extinguishment of his right to a vendor's lien. *Bradley* v. *Michael*, 1 Ind. 551; *Cade* v. *Brownlee*, 15 Ind. 369, 77 Am. Dec. 95; *Cloud* v. *Moorman*, 18 Ind. 40-42; Benj. Sales, (6th ed.), §799.

It is now too late for appellee to say that he did not and will not waive his lien upon the property until his claim therefor is paid according to his contract. The prosecution of his suit for the price to final judgment is conclusive

against him. Having elected one remedy, he is debarred from the other. *Holt Mfg. Co.* v. *Ewing*, 109 Cal. 353; *Bank* v. *Thomas*, 69 Tex. 237; *Heller* v. *Elliott*, 45 N. J. L. 564, and *Button* v. *Trader*, 75 Mich. 295.

Appellants also complain of the fifth conclusion of law. It is stated upon the issue on the attachment, and is to the effect that appellee is entitled to have the attached property returned to him. The finding and judgment of the court upon the issues joined on the complaint and answer of set-off was that there was nothing due the attaching plaintiffs from the defendant, and the fifth conclusion of law is therefore proper.

The overruling of appellants' motion for a *venire de novo* is the eighth error assigned. A motion for a *venire de novo* will not lie for failure to find upon all the issues. *Zimmerman* v. *Gaumer*, 152 Ind. 552. Neither will it be granted if mere matters of evidence or mere conclusions are stated in a special finding, if there are enough ultimate facts found to support a judgment. *Equitable, etc., Co.* v. *Stout*, 135 Ind. 444. This disposes of the second, fifth, sixth, and seventh grounds for the motion.

The fourth is "that the findings of the court do not assess the defendant's damages." The findings show that the defendant performed all the conditions of his written contract and that the contract price of the plant unpaid was $1,100, and that defendant was entitled to recover on his set-off, $249.97. These sums added, as they are in the conclusions of law, and they give the amount of the damages awarded. A *venire de novo* will not be granted where the amount is so fully stated that the amount of recovery may be determined by a mathematical calculation. Elliott's Gen. Prac. §985, and cases cited.

The first and third grounds laid in the motion are in substance the same and to the effect that the special findings of the court are so defective, uncertain, and ambiguous that no judgment can be rendered thereon. The findings state as

ultimate facts the execution of the written contract, specific act of and full performance of all the conditions of the contract on the part of the defendant, except where prevented by the plaintiffs. Also the plaintiffs had possession of the plant before the commencement of this suit and refuse to pay the purchase price of $1,100. It also finds that the defendant is entitled to recover of the plaintiffs on his set-off the sum of $249.97. These facts are sufficient to support the judgment for defendant for $1,349.97. The motion for *venire de novo* was properly overruled.

Error is assigned upon the overruling of appellants' motion "to make the special findings more specific." No such motion is recognized by our system of procedure. The purpose sought should be pursued by a motion for a new trial.

Finally there are twenty-eight reasons assigned for a new trial. The first reason is that the damages assessed in the special findings are excessive. This reason presents no question. This was an action *ex contractu* and the question of "excessive damages" can only arise in causes *ex delicto*. This has been many times held by this court. *White* v. *Mc-Grew*, 129 Ind. 83, and cases cited; §568 Burns 1894.

The next ten reasons except the fifth, sixth, seventh, and eighth, are waived by failure to present them in argument.

Reasons five, six, seven, and eight call in question the sufficiency of the evidence to support the special findings. We have examined the evidence with care and find it in conflict upon all material points, and, under the well established rule of this court, we can not undertake to weigh it.

The twelfth complains of the action of the court in denying the witness, John E. Smith, a plaintiff, to answer the following question: "State what Archie Campbell said if anything as to whether or not your ten-horse power engine was strong enough to run creamery and ice plant together." Campbell, as the agent of appellee, had called upon appellants to sell them an ice plant. The visit and conversation referred to was several weeks before the written contract

was entered into.   Campbell was not the agent of appellee to give opinions on the strength of engines belonging to strangers; besides the statement sought by the question related to no fact concerning the property his principal afterward sold the witness.   Furthermore, antecedent statements will not be received to impeach the terms of a written contract.   The question was clearly incompetent.

Reasons from thirteen to twenty-seven, inclusive, relate to the exclusion of conversations anterior to the written contract, and to statements alleged to have been made by workmen of appellee while engaged in the construction of the ice plant, and to the value of the plant at Thorntown, if constructed according to the contract.   Workmen employed to construct the plant were not agents of appellee in the sense that he is answerable for what they said concerning the merits of the plant, even while engaged about the work of construction.   The value of the ice plant at Thorntown, as constructed according to the contract, is wholly immaterial. Appellants agreed to pay a definite sum if the contract was performed, and if unperformed they were not required to pay any sum whatever.

The twenty-eighth reason is waived.   The motion for a new trial was correctly overruled.

It follows from the foregoing that appellee is entitled to recover of appellants a money judgment for the sum due him, but is not entitled to a lien upon any part of the property, nor to an order of sale, and that the judgment must be affirmed except as to the lien declared, which is reversed.

The cause is therefore remanded, with instructions to restate the fourth conclusion of law in accordance with this opinion.