SHEETS OIL COMPANY ET AL. *v.* THE FRUEHAUF TRAILER COMPANY, INC.

[No. 26,985. Filed February 1, 1938.]

H. *Lyle Shank,* and *Theodore Wood,* for appellants.

*Best & Hubbard,* for appellee.

HUGHES, J.—It appears that prior to and at the commencement of this action the appellant, Sheets Oil Company, was an attaching creditor of the Meldman Cartage Company and said attachment action had caused the property in question to be seized under a writ by Dorsey Folck, then Sheriff of Steuben County, Indiana.

This action in replevin was commenced by appellee by filing a complaint in one paragraph which was verified. The complaint alleged that the plaintiff, appellee here, was the owner and entitled to the immediate possession of "One Fruehauf Trailer now in possession of said defendants in Golden's Garage in the city of Angola, Indiana: that said defendants are now unlawfully and without right, in possession of said property and are wrongfully detaining the same from this plaintiff, to plaintiff's damage in the sum of $2,070; that said described property has not been taken for a tax assessment or fine pursuant to a statute, nor seized under an execution or attachment against the property of the plaintiff."

Later, the plaintiff, appellee here, filed two paragraphs of amended complaint. The first was in sub-

stance the same as the original except as to the discription of the property which was described as, "One Fruehauf Trailer Model B-272, Serial Number C-23754." The second paragraph of the amended complaint differs from the first in that it is alleged that the plaintiff on June 15, 1932, sold to the Meldman Cartage Company eight (8) Fruehauf Trailers under a written contract under which the title, right, and possession should remain in the plaintiff and that said company should not remove any of them from the State of Michigan until the purchase price was paid; that in violation of said contract the said Meldman Cartage Company failed to pay said purchase price and without the consent of the plaintiff took and removed one of said trailers, viz: Model B-272 and Serial Number C-23754, the one involved here, out of the State of Michigan and into the State of Indiana and into the City of Angola, where said trailer was seized and taken into possession by the appellant on a writ of attachment issued in favor of the defendant, Sheets Oil Company.

The appellant filed a motion to strike out certain parts of the first amended paragraph of complaint, to wit:

"Model B-272, Serial Number C-23754,"

for the reason that said words and figures changed and altered the cause of action as stated in said plaintiff's original first paragraph of complaint. The motion was overruled. Appellant also filed a motion to strike out certain parts of the second amended paragraph of complaint. This motion was sustained, the practical effect of which was to strike out the greater part of said paragraph.

The appellant also filed a motion to quash the affidavit for delivery of the property described in the

amended complaint and the issuance of the writ and service of replevin for the reason, (a) that the affidavit and verified complaint for the immediate possession of the property was insufficient in that it did not allege, "that said property was unlawfully detained by the defendants," and (b) that there was not a sufficient description of the property. The motion was overruled and a trial had and finding for the appellee that it was the owner and entitled to the immediate possession of the trailer in question. No money judgment was rendered.

The appellant filed a motion for a new trial assigning twenty-four (24) reasons therefor. The motion was overruled. Fourteen (14) assignments of error are filed for reversal. We will not set them out, but will discuss them in the order set out in appellant's brief.

The first proposition of appellant is that the court erred in overruling the motion of appellant to quash the affidavit for delivery and the writ or replevin issued in said cause. Under this proposition, assignments of error 1, 2, 3, 4, 5, and 6 are considered as the same legal proposition is involved.

It is contended by appellant that the allegations in the original verified complaint are insufficient in that they fail to allege either a wrongful taking or an unlawful detention of the property. Section 3-2701 Burns 1933, §1198 Baldwin's 1934, provides as follows:

"When any personal goods are wrongfully taken, or unlawfully detained, from the owner or person claiming the possession thereof, or when taken on execution or attachment, are claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof."

Appellant insists that said section requires that the affidavit allege "that the property has been wrongfully

taken and is unlawfully detained by the defendant." The language of the statute is, "when any personal goods are wrongfully taken or unlawfully detained . . ." It is alleged in the original first paragraph of complaint:

"That said defendants are now unlawfully and without right, in possession of said property and are wrongfully detaining the same. . ."

While the words "wrongfully detaining" are used instead of the words "unlawfully detained," we think the allegations of the complaint are a sufficient compliance with the statute.

It is also contended by appellant that there was not a proper description of the property sought to be replevied. The description was as follows: "One Fruehauf Trailer now in possession of defendants in Golden's Garage in the City of Angola, Indiana." We think this description is sufficient and especially in view of the facts in the instant case. The object of the specific description of the property, required by the statute, is to enable the proper officer to take the property and deliver it to the plaintiff. This was done and the description was sufficient to enable the officer to properly identify the property in question. As said in the case of *Smith* v. *Stanford* (1878), 62 Ind. 392, 394: "If, therefore, the description of the property sued for in this action was sufficiently specific in appellee's complaint to enable the proper officer to take said property and deliver it to the appellee, as it seems to have been, we ought not, we think, for or on account of the mere vagueness of the description, to sustain the appellant's motion and dismiss the action." Moreover, if a more particular description of the property was desired the same could have been had by a motion to make more specific, which was not done.

It is the further contention of appellant that the

amended complaint and affidavit changed the description of the property from "One Fruehauf Trailer now in possession of defendants in Golden's Garage, Angola, Indiana," to "One Fruehauf Trailer Model B-272, Serial Number C-23754 now in possession of defendants in Golden's Garage, Angola, Indiana," and therefore "amounts to a new affidavit for a delivery for an entirely different chattel." We can not see how the appellant was harmed by this change. There is no evidence, and no contention on the part of the appellant, that the trailer delivered did not correspond to the description given in the amended complaint.

It is insisted by appellant that the taking of the property by Dorsey Folck, sheriff of Steuben County, was not unlawful or wrongful and therefore a demand must be alleged and proven. The record shows that in the second paragraph of amended complaint it was alleged that a demand was made and the evidence shows it was proven. Although a greater part of the second paragraph was stricken out, that part relating to a demand was not. There was no error committed in permitting appellee to introduce in evidence its Exhibit No. 1.

The appellant contends that error was committed in admitting the testimony of certain witnesses. We have carefully examined this evidence and we fail to see any substantial objections thereto. We think it was properly admitted.

Judgment affirmed.