TYLER *v.* TYLER ET AL.

[No. 16,781. Filed April 13, 1942. Rehearing denied May 26, 1942. Transfer denied June 8, 1942.]

*L. Russell Newgent,* of Indianapolis, and *Gilbert Butler,* of Martinsville, for appellant.

*Theodore R. Dann,* of Indianapolis, and *Homer Elliott,* of Martinsville, for appellees.

STEVENSON, J.—The appellant brought this action to enforce a vendor's lien against the real estate held by the appellees located in the City of Indianapolis, Indiana.

Her complaint was in four paragraphs. The first paragraph of amended complaint alleged that on the 9th day of May, 1932, the appellant and one Clifford L. Tyler were the owners of an equitable interest in the real estate described, by virtue of a contract to purchase, on which they had paid approximately $2,000.00. The complaint alleged that on the date mentioned the appellant entered into an agreement with

Clifford L. Tyler for the settlement of property rights in a divorce case then pending, by which contract it was agreed that the said Clifford L. Tyler would pay to the appellant the sum of $300.00 for her interest in the real estate, said payment to be made within thirty days after the decree of divorce was granted. The complaint alleged that this amount has never been paid; that the said Clifford L. Tyler died intestate on the 7th day of· September, 1933; that prior to his death he had conveyed the real estate above described to the appellees for no consideration; and that the appellees accepted said conveyance with full knowledge of appellant's claim. The complaint prayed for judgment establishing a vendor's lien against the real estate, and for foreclosure thereof.

The second paragraph of amended complaint alleges substantially the same facts, but contains the additional fact that on the 9th day of May, 1932, the appellant was granted a divorce from the said Clifford L. Tyler, and, by said decree, the property settlement made between the parties was approved, and the said Clifford L. Tyler was ordered to pay to the appellant the sum of $300.00 thirty days after date. The appellant alleges that she has complied with all the provisions of the decree, but that the said Clifford L. Tyler, during his lifetime, failed and refused to satisfy said judgment, and the consideration for the release of her interest in the real estate has failed.

The third paragraph of amended complaint alleges the same facts, and sought to establish a trust in the real estate conveyed.

To these paragraphs of complaint, the appellees filed answers in general denial, and also affirmative answers pleading the six-year statute of limitation. The cause was submitted to the court for trial without a jury.

The court, after hearing the evidence, found for the appellees and against the appellant. Judgment was entered accordingly. A motion for new trial was filed and overruled, and this appeal has been perfected. The only error assigned on appeal is the alleged error in overruling the appellant's motion for a new trial. Under this assignment of error, the appellant contends that the evidence conclusively shows that the appellant released and transferred to Clifford L. Tyler all her interest in the real estate described in consideration for the payment of $300.00 within thirty days after the decree of divorce was entered. The appellant contends that this is in effect purchase money, for the nonpayment of which she is entitled to enforce a vendor's lien.

The record discloses that on the 31st day of July, 1928, one Jacob C. Hazel and Beatress Hazel, his wife, entered into an agreement with Clifford L. Tyler and the appellant, his wife, by which agreement the lessors, Hazel and Hazel, "demised and leased" to Clifford L. Tyler and the appellant, as husband and wife, the real estate described, for a period of four years beginning the 1st day of August, 1928, with a monthly rental of $48.00 per month payable in advance on the first day of each calendar month beginning September 1, 1928. The agreement contained the usual covenants found in a real estate lease contract, and it contained the further agreement as follows:

"'. . . that for and in consideration of the sum of Fifteen Hundred ($1500.00) Dollars, this day paid to lessor by lessee, the receipt whereof is hereby acknowledged, lessor hereby grants and gives to the lessee the right and option, at any time while this lease is in effect to purchase said real estate of lessor at and for the sum and price of Sixty-three Hundred ($6300.00) Dollars, together with interest thereon from this date at the rate of 6½ per cent per annum, computed semi-annually

on January 1 and July 1, and if said option is exercised by lessee as herein provided, it is agreed that credit shall be given on said purchase price for the cash payment this day made for the consideration of this option, and lessee shall further have credit on said purchase price for a sum equal to the monthly rental payments herein stipulated and heretofore paid, and the balance of said purchase price shall be payable in cash. . . .

" 'The lessee agrees, when possible to do so, to borrow from a building and loan association a sufficient sum of money to pay in full to the lessor the unpaid balance, including the interest at the rate aforesaid, then unpaid, on this contract, at the time of procuring and receiving such loan.

" 'In the event, however, that if at any time before or after the lessee has exercised this option to purchase, this lease is forfeited or lessee's right and interest therein lost by failure to comply with the terms and provisions herein, or in the event of said lessee's failure to exercise this option, having the right to do so, then said cash payment for this option shall be kept and retained by the lessor, as and for the consideration for this option and the right thereby given; and the monthly amount paid by said lessee together with any other payments by lessee shall be kept and retained by lessors as and for rent and liquidated damages, and that this agreement or any part thereof shall not be construed, either in law or equity, to vest in the lessee hereof any title or color of title in or to the above described real estate.' "

The contract contained the further provision that if the lessees should exercise their option to purchase then the real estate should be conveyed by general warranty deed to the lessees.

The record further discloses that this contract was in existence on May 9, 1932, and the option to purchase had never been exercised. The record further discloses that on August 20, 1932, the real estate was conveyed to the appellees by deed executed by Jacob C. Hazel. No deed was ever executed by Clifford L. Tyler to the

appellees. The record further discloses that at all times above mentioned there was a mortgage on the real estate described, in favor of the Railroadmen's Federal Savings & Loan Association, upon which there was still due at the time of the deed to the appellees the sum of $3,604.00. Payments on this mortgage were in default; and Mr. Hazel, Mr. Clifford L. Tyler, and the appellees all met at the Railroadmen's Federal Savings & Loan Association office, at which time it was agreed that the appellees should take over the real estate and assume the mortgage obligation. No additional consideration was paid by the appellees to Mr. Tyler for his interest in this real estate, if any.

Under this state of facts, the appellees contend that the appellant never had any interest in this real estate against which a vendor's lien might have been asserted. The appellees contend that the only estate or interest which the Tylers had in this real estate was a leasehold estate against which a vendor's lien cannot be established.

Under these contentions, it becomes necessary to determine the nature and character of the property right which the appellant had in the real estate on May 9, 1932, when the divorce was granted and the property settlement was approved by the court. On that date, the appellant and her husband had only the interest in the real estate which the contract with Mr. Hazel gave them. This contract, in our opinion, was not an agreement to sell real estate, but was at most a lease with an option to purchase. This contract was very similar in all its terms to the contract involved in the case before this court entitled *Bernstein* v. *Rhoades* (1931), 92 Ind. App. 553, 157 N. E. 463. In this case, this court in construing the legal effect of such contract held the same to be a

lease of the real estate with an option to purchase the same upon full compliance with the terms of the contract. It follows, therefore, that since this is a leasehold interest in real estate, it must be classified as personal property. *Shipley* v. *Smith* (1904), 162 Ind. 526, 70 N. E. 803. "A lease for a term of years is personal property." *Cade* v. *Brownlee* (1860), 15 Ind. 369, 370. It is also a well-recognized rule that: "The fact that a lease gives to the lessee an option to purchase does not, prior to the exercise of the option, affect the character of the leasehold as personalty." Vol. 32, Am. Jur., Landlord and Tenant, § 16, p. 40. As this court has said:

> " 'It has been many times held that an option to purchase gives no right of property in and to the thing which is the subject of the option. It is not a sale. It is not even an agreement of sale. At most it is a right of election in the party receiving the same to exercise a privilege, and *only when that privilege has been exercised* by an acceptance does it become a contract to sell.' " *Smith* v. *Tomlin* (1936), 102 Ind. App. 103, 105, 1 N. E. (2d) 297.

It follows, therefore, that the appellant, on May 9, 1932, sold only her interest in a contract right which at that time had only the legal status of personal property. So long as this property right retained its status as personalty, the appellant could never have enforced a vendor's lien against the same. Vendor's liens cannot be asserted against personal property, in the absence of a contract creating such right, where the vendor has parted with possession. As was said by our Supreme Court in the case of *Smith* v. *Barber* (1899), 153 Ind. 322, 330, 53 N. E. 1014:

> "As we have seen, appellee, upon appellants' default, had a choice of remedies. He might retake his property, or treat the sale as complete and sue

for the price. But he can not have both the property and the price. Neither can he treat the sale as complete without abandoning his right of possession; and the exinguishment of his right of possession was also an extinguishment of his right to a vendor's lien."

Again in the case of *Slack* v. *Collins* (1896), 145 Ind. 569, 42 N. E. 910, the Supreme Court said, p. 572:

"This was not a sale of real estate, but a sale of personal property. An equitable lien upon real estate does not result from the sale of personal property, . . ."

Also in the case of *Cade* v. *Brownlee, supra,* p. 370, the seller sought to enforce a vendor's lien against a lease for a term of years, which was the subject-matter of the sale. The court said:

"Such a suit will not lie. The vendor of personal property has no general lien for unpaid purchase money, upon such property, after he has parted with the possession."

It is our opinion, therefore, that on the 9th day of May, 1932, there was nothing against which the appellant could enforce a vendor's lien to compel the payment of her $300.00 obligation.

The appellant contends, however, that the evidence conclusively establishes that the said Clifford L. Tyler exercised his option to purchase the real estate in question, and ordered the deed of conveyance to be made by Mr. Hazel directly to the appellees. We cannot agree with this contention. There was evidence in the record from which the court might reasonably conclude that the said Clifford L. Tyler never at any time exercised his option to purchase the real estate in question. By the terms of the contract, this option to purchase could only be exercised during the time that this lease

was in effect. The lease expired by its own limitations on the 1st day of August, 1932. It was further stipulated in the contract that time of payment and performance was the essence of this agreement.

There was evidence that Mr. Tyler was in default with his payments on August 20th, 1932, when the deed to the appellees was delivered. On that day the appellees met with Mr. Tyler and Mr. Hazel in the office of the mortgage company, whose contract was also in default. The most that can be said in favor of the appellant as to this transaction is that Mr. Tyler asked the appellees to take over the property. Mr. Hazel also made the same request. The appellees accordingly paid Mr. Hazel $25.00 in cash. The then existing mortgage was increased $150.00 by the appellee Railroadmen's Federal Savings & Loan Association, which amount was paid to Mr. Hazel; and Mr. Hazel executed and delivered his deed to the property to the appellees, who assumed and agreed to pay the mortgage debt. This does not amount to the exercise of an option to purchase by the said Clifford Tyler. He gave up nothing in the transaction and received nothing. So far as the record discloses, this transaction could have taken place in his absence. He had no interest in the real estate in question which he was required to assign or convey. Having acquired no legal or equitable title in this real estate, there was nothing to which the obligation due and owing the appellant could attach itself as a lien. Having reached this conclusion, we find it unnecessary to decide the question presented as to the validity of the agreement embodied in the decree of divorce. Neither do we find it necessary to discuss the question as to the effect of the plea of the statute of limitations.

It is our opinion, therefore, that the trial court did

not err in overruling the appellant's motion for a new trial. Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 983.