TARKINGTON v. CORLEY ET AL.

1. **Execution sale**: CONTRACT: RIGHT TO REDEEM. Where a purchaser at an execution sale, after the sale, offered to convey to the execution debtor the land purchased, upon being paid a certain amount within a certain time, which amount the debtor agreed to pay within the time named, if he could raise it, but failed to perform on his part; *held*, that these facts would not support an action by the debtor against the purchaser and his grantee to redeem the land.

*Appeal from Shelby District Court.*

WEDNESDAY, JUNE 14.

ACTION in equity to redeem. The plaintiff avers that in August, 1876 he was the owner of certain land in Shelby county; that the same being about to be sold upon execution he entered into an agreement with the defendant Corley for a loan of money; that the loan was to be made by bidding at the execution sale the sum necessary to purchase the land, and by paying to the sheriff the amount of the bid; that Corley in pursuance of the agreement bid off the land for $310; that afterward Corley denied the plaintiff's right to redeem and sold the land to the defendant, Gammon, who bought with knowledge of the plaintiff's right to redeem; that Corley and Gammon have had use of the premises, and that the reasonable

rental value during the time they have had such use is more than sufficient to pay the amount due from the plaintiff under his agreement. The defendants pleaded a general denial. There was a decree for the defendants. The plaintiff appeals.

*Clinton, Hart & Brewer*, for appellant.

*A. R. Riley* and *Platt Wicks*, for appellee.

ADAMS, J.—The defendants insist that the agreement if proven would be within the statute of frauds. In our opinion the agreement was not proven and we have no occasion to consider the legal question presented.

The evidence shows that plaintiff applied to Corley to bid off the land for him. It also shows that some negotiation took place between them in regard to the terms upon which Corley should do it. But Corley expressly denies that he agreed to bid off the land for the plaintiff, and says that he told plaintiff before the sale that he would not do it. We think that at the time the sale took place there was no agreement between them. There is no pretense that any time was agreed upon within which the plaintiff was to repay the amount of the loan. There was some talk about the rate of interest. The plaintiff testified that Corley said that "he should want a big percentage," and that he replied that he would give him ten, fifteen or twenty per cent if he could not do better than that. This was his testimony upon his examination in chief, and the fair inference from it is that the parties separated without any agreement as to the rate of interest, and had no further negotiation until after the sale. It is true that the plaintiff under the pressure of a cross-examination says that he agreed to pay twenty per cent; but this Corley denies, and we think the fact to be that the plaintiff testified upon his examination in chief to substantially all that was said.

We should think so even if there was no other evidence than that of plaintiff's testimony above set out, and Corley's denial

of the truth of it. But it is undisputed that after the sale, and on the same day, the plaintiff went to Corley again, and asked him if he would give him a chance to redeem his land, and that the parties then entered into an agreement that the plaintiff should pay Corley the sum of five hundred dollars within thirty days if he could raise the money, and that Corley should accept it in payment. There is no evidence that at the time of this negotiation there was anything said about a previous agreement. It is inexplicable that, if there was a subsisting agreement at the time of the sale, the plaintiff should go to Corley afterwards on the same day, and solicit an agreement, and proceed straightway to enter into one which was far more burdensome; and that too, without any claim or pretense that they had had an agreement.

We ought perhaps to say that one Foss testified to hearing Corley, some time after the sale, speak of an agreement as made with the plaintiff at the time of the sale. But Foss' testimony must be taken in connection with the undisputed fact above set out. The reasonable inference is that the agreement referred to by Corley, if any, was the one made after the sale, but on the same day.

We have then a case where the purchaser at an execution sale offered to convey to the execution debtor the property purchased upon being paid a certain amount within a certain time, which amount the debtor agreed to pay within the time if he could raise it, and after having failed to perform on his part brings an action to redeem. We think that the action cannot be maintained.

We regret to reach this conclusion because it appears to us that the land was worth more than the amount for which it was sold. But no hardship, however great, would justify us in attempting to protect a party who has so clearly failed to take the proper steps to protect himself.

AFFIRMED.