THOMAS RUSSELL (Elizabeth E. Russell) substituted as Plaintiff, Appellant, v. TIMOTHY FINN and JOSEPH STORTZ.

**Conditional Sales:** CONTRACT EXTENDING TIME FOR REDEMPTION. Where a mortgagee, after having obtained title to the property through foreclosure, agreed to reconvey to the mortgagor on his payment of the amount due, with costs, within a reasonable time

thereafter, and that the mortgagor should have possession during
the time, and should pay all taxes on the property, such contract
was a conditional sale and not an extension of time within which
plaintiff was entitled to redeem; and hence, where plaintiff failed
to pay either taxes or interest, he was not entitled to a decree
allowing him to redeem after the expiration of ten years, though
he paid the taxes and interest for some years after the agreement
was made.

*Appeal from Winneshiek District Court.*—HON. A. N.
HOBSON, Judge.

MONDAY, JANUARY 22, 1900.

JANUARY 30, 1895, Thomas Russell brought this action
for a decree allowing him to redeem certain land sold on a
foreclosure decree against him, after the time allowed for
such redemption, by virtue of an alleged contract between
him and the defendant Finn. He alleges certain payments
to Finn under the contract; asks an accounting therefor,
and for use of the land, and that he be permitted to pay
the balance found necessary to redeem, and that a deed from
Finn to Stortz be set aside and the title vested in plain-
tiff. He alleges that Stortz purchased with knowledge of
plaintiff's claim. The defendants answered, denying that
there was a contract as alleged, and averring that it was
other and different, as stated in their answer; that the
plaintiff had failed to comply with the contract as made,
had abandoned the same, and was not entitled to redeem.
They admit that certain payments were made to Finn, and
that Finn conveyed to Stortz October 2, 1893, and deny
that Stortz had knowledge of any claim by the plaintiff.
They allege that Stortz made lasting and valuable improve-
ments, and paid taxes, for which an accounting is asked
if decree is rendered in favor of the plaintiff. Plaintiff
replied, denying the affirmative allegations of the answer.
Thomas Russell died pending this action, and Elizabeth E.
Russell, his widow, having succeeded to his estate by deed
and will, is substituted as plaintiff. On hearing had, decree

was rendered dismissing plaintiff's petition, from which she appeals.—*Affirmed.*

*L. Bullis* and *John McCook* for appellant.

*Willett & Willett* for appellee.

GIVEN, J.—It will be seen from the foregoing statement of the pleadings that the first issue to be determined is whether the contract was as alleged by the plaintiff, or as alleged by the defendants. In doing this, we first notice the following undisputed facts: On October 24, 1885, the lands in question were sold by the sheriff, under a decree of foreclosure against Thomas Russell for eight hundred and fifty-seven dollars and eighty-seven cents,—the amount of the judgment, interest, and costs,—to Frank P. Adams. Prior to September 14, 1886, Frank P. Adams assigned the sheriff's certificate to the defendant Finn; and on October 26, 1886, Finn received a sheriff's deed thereunder, which was duly recorded. On October 2, 1893, Finn conveyed the land to the defendant Stortz by warranty deed, for the recited consideration of two thousand three hundred dollars, and Stortz has since been in possession as owner. On September 14, 1886, and again on October 24, 1886,— being the last day for redemption,—Mr. Russell and Mr. Finn had negotiations in respect to said redemption; and on said fourteenth day of September Finn executed and delivered, by George P. Painter, who was acting for Mr. Russell, a writing as follows: "Received, Decorah, Sept. 14th, 1886, of George P. Painter, $15.00, to apply on Thos. Russell's interest; also, agree to let him or Thomas Russel have use or redeem Thomas Russell land if interest and taxes are paid when due. (Signed) Tim Finn." Plaintiff's claim is that on said fourteenth of September, 1886, Mr. Russell informed Mr. Finn of his intention to borrow money to redeem the land; that Finn told him he did not want the money,—for him not to go to the trouble and

expense of borrowing,—and offered as follows: "That he would take the sheriff's deed, and let the debt stand on the land, and that plaintiff might take further time to redeem, —as much as he desired (ten years or more),—and retain possession of the land, and have the use of it free, only on these conditions: (Paragraph 13) That said plaintiff should pay the interest on the eight hundred and thirty-five dollars and eighty-five cents annually, at eight per cent. per annum, and (paragraph 14) pay all taxes accrued or to accrue, and (paragraph 15) by Octotber 24, 1886, pay all costs of fore- closure, and the interest accrued to that date." Plaintiff alleges that Mr. Russell accepted the said offer, and on the same day, and in pursuance of said agreement, paid twenty- two dollars and eighty cents back taxes on the land, and the fifteen dollars receipted for, to apply on accrued interest, and thereafter paid to Mr. Finn one hundred and twenty- two dollars and two cents in payment of the costs of said foreclosure, which sums were in full of the amount then due, and thereafter paid the interest as the same accrued for the years 1886 to 1891, inclusive. Defendants, in their answer, state the agreement as follows: "That, shortly prior to the expiration of the time for redemption from the fore- closure sale mentioned in plaintiff's petition, plaintiff informed the defendant Timothy Finn that he was unable to redeem the land in question, and regretted losing his old home; and said defendant then said to him if he wanted the property for a home, and no other purpose, he would give him a reasonable time in which to redeem it, provided he would in a reasonable time pay him the amount it had cost him, including interest at ten per cent. from date of sale, and in the meantime pay said defendant on the amount of said cost, to-wit, one thousand fifty-three dollars and sixty-five cents, interest at the rate of ten per cent. per annum, payable annually as soon as due, and also pro- vided he pay the taxes due and unpaid, and all taxes sub- sequently levied, when due; but on failure to pay said prin-

cipal in a reasonable time, and to pay the interest and taxes as aforesaid, the said agreement to permit a redemption as aforesaid should be at an end. In the meantime plaintiff might retain the possession (he was then in possession) of said premises." The material differences between the parties as to what the agreement was are as to the rate of interest to be paid, the amount upon which it was to be paid, and the time within which principal and interest were to be fully paid. Ten per cent. was a usual rate exacted as interest at that time, and, adding ten per cent. interest per annum from the date of sale to the amount paid for the land, it had cost Finn one thousand fifty-three dollars and sixty-five cents. Therefore we are inclined to the view that ten per cent. on this amount was the agreement. It would certainly be unusual that Finn should extend the time of payment for ten years, or as much longer as Mr. Russell might desire. It is more reasonable to believe that a reasonable time only was allowed. But, to these matters as they may, the real contention is whether the agreement was upon a condition that Russell should pay the interest agreed upon, and the taxes when due, pending the period for which credit was extended.

Appellant contends that, as the period for redemption was extended, Finn did not have title to the land, and therefore the transaction was not a conditional sale; that the indebtedness secured by the mortgage remained as secured thereby; and that Finn held the property in trust as security for his debt. This contention is answered by the fact that, according to appellant's own statement, Finn was to take the sheriff's deed. While it is true that the amount required to redeem was the basis of the agreement, the agreement was evidently a sale of the land on the condition that plaintiff should pay the interest agreed upon, and all taxes accrued or to accrue, at maturity, and the principal within a reasonable time. That he failed to pay the taxes when due, appears

in the petition; he not having paid any taxes after the year 1891. It is also apparent that he failed to pay the interest at maturity. Thus viewing the contract it is clear that the plaintiff is not entitled to the relief demanded, and that the petition was properly dismissed.—AFFIRMED.

GRANGER, C. J., not sitting.