[Lee, et al. v. Cochran.]

# Lee, *et al. v.* Cochran.

### *Bill for Specific Performance*

(Decided Nov. 19, 1908.   47 South. 581.)

1. *Contracts; Construction.*—A contract will not be construed so as to relieve a party from consequences deemed by him hard and unfair, if contrary to its express provisions, and the contract is plain and unambiguous.

2. *Landlord and Tenant; Lease; Construction; Liability for Rent.*—L. leased C. land for five years, from 1905 to 1909, inclusive, at a stipulated rental per annum payable Oct. 1, with the further stipulation that if at any time during the term of the lease the lessee should pay the lessors the sum of $1280.00, the lessors would convey to the lessee the land and deliver to the lessee the lease and unpaid rent notes without further consideration.   The lessee paid the annual rental for 1905 and 1906, and on Aug. 30, 1907, gave notice of his intention to purchase, tendering lessors $1280.00 in earnest thereof. Lessors declined to perform unless the rent maturing Oct. 1, 1907, was paid.   Held, lessor was entitled to a deed upon the tender of the amount agreed upon, without paying the rent maturing Oct. 1, 1907.

APPEAL from Barbour Chancery Court.

Heard before Hon. LUCIAN D. GARDNER.

Bill by L. L. Cochran against A. T. Lee and others, for the specific performance of a contract of bill of sale. Decree for complainant and respondent appeals.   Affirmed.

PEACH & THOMAS, for appellant.   As to the interpretation of the contract attention is called to the following cases.—*Pollard v. Maddox,* 28 Ala. 325; *McGhee v. Alexander,* 104 Ala. 121; *Electric L. Co. v. Edler Bros.,* 115 Ala. 148; *Seay v. McCormick,* 68 Ala. 549; *Hunter v. McGraw,* 32 Ala. 518; *Woodward v. Elrod,* 45 South. 647; *Comer v. Bankhead,* 70 Ala. 136; *Williams v. Glover,* 66 Ala. 189; 114 Ala. 433; 93 Ala. 378; *Bates v. The State,* 2 Ala. 453; *Lively v. Robbins,* 39 Ala. 461; *Sanders v. Sanders,* 20 Ala. 710.

[Lee, et al. v. Cochran.]

A. H. MERRILL & SON, for appellee. Under the facts in this case, equity regards a contract as specially executed.—*Wimbish v. Montgomery B. & L. Assn.*, 69 Ala. 575; *Mosely v. Norman,* 74 Ala. 422; *Turner v. Kelly,* 70 Ala. 85. Express stipulations cannot be changed by implication.—*Blackman v. Dowling,* 63 Ala. 306; *Electric L. Co. v. Elder Bros.*, 115 Ala. 138. On the question of rent as applicable to this case, attention is called to the following authority.—*English v. Key,* 39 Ala. 113; *Gayle v. Randall,* 71 Ala. 469; *Farris, et al. v. Houston,* 74 Ala. 162; *Perkison v. Snodgrass,* 85 Ala. 137; 79 Ala. 166; 74 Ala. 459; 70 Ala. 624.

McCLELLAN, J.—Bill by appellee to compel specific performance of a contract by appellants to convey real estate. A. T. and R. M. Lee leased, for a term of five years, 1905 to 1909, inclusive, at a stipulated annual rental, as evidenced by five promissory notes, payable on October 1st of each year, their lands to L. L. Cochran. Embraced in the writing is this provision : " * * * And I, A. T. Lee, joined by my husband, R. M. Lee, hereby agree and bind ourselves unto the said L. L. Cochran, if he shall see fit any time during his term of lease to pay us twelve hundred and eighty dollars for the within-described lands, we and each of us do hereby bind ourselves to make the said L. L. Cochran a good, lawful deed to the said lands herein described, and I, Annie T. Lee, joined by my husband, R. M. Lee, do agree that on the receipt of said twelve hundred and eighty dollars from the said L. L. Cochran that we bind ourselves to turn over this lease and all unpaid rent notes herein mentioned, without further payment or consideration." The annual rental for the years 1905 and 1906 was promptly paid by Cochran; and on August 30, 1907, Cochran decided to avail himself of the opinion to pur-

[Lee, et al. v. Cochran.]

chase, so advised the appellants, and tendered the $1,280 stipulated in the premises. Appellants refused to make the conveyance provided for, and their demurrers assert as reason for a denial of the specific performance prayed that appellee should pay the rental for the year 1907, due October 1, 1907, subsequent to his election on August 30, 1907, to purchase the property described in the instrument; and this insistence is attempted to be supported in argument by the assertion that a contrary construction of the provision under consideration would sanction a purchase at the stated sum, notwithstanding every annual rent note was unpaid at the time of the election by Cochran to purchase the premises, and that such a construction would lead to an absurdity, in negation of any such intention of the parties to the contract.

Where a contract is unambiguous, is plain in expression, we know of no cannon of construction that warrants an interpretation the only effect of which is to relieve a party to the contract from consequences deemed by him hard or unfair. Indeed, where the parties express without ambiguity. their intention, of course, no court can alter the agreement, and no room for judicial construction is left. The contract in hand is plain, speaks a legal undertaking on the part of all parties thereto, and, if the bargain is hard or unwise in any respect, the error in judgment is his or theirs, and, in the absence of fraud or other vitiating circumstances, cannot be relieved.

In the first clause of the instrument "term" is thus defined by those contracting: "Said lease is for the term of five years, commencing," etc. The quoted provision for purchase by Cochran is limited solely to "any time during his term of lease," and the sum to be paid by him to avail of the privilege is named at $1,280; and with respect to the rent it is clearly stipulated that upon

receipt by the Lees of the stated sum they will deliver to Cochran "this lease and all unpaid rent notes." The patent effect of appellants' contention is to alter the sum necessary to be paid or tended in order to avail the purchase privilege. In other words, that insistence leads to the requirement that Cochran, to purchase under the contract, should, if he so elected between January 1st and October of any one year, pay or tender, not $1,280, but that sum enhanced by the rent for that year. The contract names the sum to be paid or tendered. It cannot be changed. Furthermore, to approve appellants' contention is to modify, if, indeed, not to nullify, the stipulation that the payment of the specified sum would permit the purchase "at any time during his term of lease." And, as urged by solicitors and noted in the able opinion of the chancellor, if Cochran could purchase "at any time during his term of lease," so clearly provided, the unpaid rent notes for that year would follow the reversion, and hence were uncollectible by the appellants.

As appears, we concur in the interpretation of the contract approved by the chancellor, and hence affirm the decree overruling the demurrer to the bill.

Affirmed.

Tyson, C. J., and Dowdell and Anderson, JJ., concur.