H. S. STONE, Appellee, v. P. F. HOWELL, Appellant.

**VENDOR AND PURCHASER:** Contract of Purchase—Practical
1 Construction by Parties. The practical construction placed on a
contract by the parties themselves, being one fairly deducible
therefrom, will control the rights of the parties.

PRINCIPLE APPLIED: There was a failure to meet the
conditions of a contract of sale of real estate, of which "time
was the essence"; notice of forfeiture was served under Sec. 4299,
Code Sup. 1913, and the 30 days expired. Both parties con-
strued the contract as permitting a forfeiture. *Held,* the court
should adopt the same construction, thereby preventing one
party from later claiming that the contract was still in force.

**CONTRACT:** Consideration—Ex Parte Substitution. The specific
2 consideration called for by a contract is not satisfied by the
*ex parte* substitution of "something else just as good."

PRINCIPLE APPLIED: Defendant agreed to pay $3,000 in
cash by a certain date. He offered as a substitute a note for
$3,000 signed by a party financially good but a stranger to payee.
*Held,* ineffective.

**VENDOR AND PURCHASER:** "Options"—Failure to Exercise—
3 Termination of Rights. The failure to exercise a mere "option"
to purchase land, in accordance with the terms thereof, termi-
nates all rights thereto.

**CONTRACTS:** Termination—Destruction of Subject-Matter. A con-
4 tract for which there exists no basis except the continued exist-
ence of a certain right in the subject matter of the contract in
one of the parties is terminated by the destruction of said right
in said party.

PRINCIPLE APPLIED: Plaintiff, having sold certain lands
to defendant under a forfeitable contract, undertook the agency
to sell said lands for defendant. Later, defendant's rights were
declared forfeited by plaintiff in accordance with the contract of
sale. After forfeiture, plaintiff sold the land at an advance in
price. *Held,* the sale was not made by plaintiff as agent of

defendant, such agency contract having terminated with the termination of defendant's rights in the land.

*Appeal from Palo Alto District Court.*—Hon. D. F. COYLE, Judge.

SATURDAY, DECEMBER 19, 1914.

ACTION to re-form a lease and recover rent. There was a cross-bill by the defendant asking specific performance of a certain written contract between the parties entered into prior to the execution of the lease whereby the plaintiff agreed to sell to the defendant the premises described in the lease sued on. Answering the cross-bill the plaintiff averred that such previous contract had been forfeited by the defendant and abandoned. There was a decree for the plaintiff fixing the amount of rent due him and dismissing the cross-bill.

The defendant has appealed.—*Affirmed.*

*Lovrien & Lovrien, Davidson & Burt* and *Kenyon, Kelleher & O'Connor,* for appellee.

*L. W. Housel, E. M. McCall,* and *E. H. Addison,* for appellant.

EVANS, J.—On April 23, 1912, the parties hereto entered into a contract of lease covering 773 acres of land in Palo Alto county whereby the plaintiff purported to lease same to the defendant for the year 1912. Though a general denial was interposed by the defendant to the petition, no special controversy seems to have been presented at the trial as to the amount of rent due to the plaintiff nor as to the right of the plaintiff to a re-formation of the lease by the correction of certain manifest verbal errors therein. On this appeal no question is presented to us involving the correctness of the decree below in this regard. The real controversy between the parties arises on the cross-bill and involves a

1. VENDOR AND PURCHASER: contract of purchase: practical construction by parties.

written contract of sale entered into on November 14, 1911, and certain other alleged agreements written and oral antedating the lease. The contract of November 14, 1911, was an executory contract of sale by the plaintiff to the defendant of the 773 acre tract for an agreed consideration of $50,000; $2,000 was paid on the date of the contract by conveyance of certain Missouri property; $3,000 was to be paid on February first following. For the balance of the purchase price, mortgages were to be executed by the purchaser to the amount of $23,000 and an existing mortgage of $22,000 was to be assumed. Time was of the essence of the contract. The contract did not specify the date when the mortgages were to be executed nor the date which they should bear nor the date when the conveyance should be made. It specified only the date of the payment of the $3,000 as February 1, 1912, and the date of giving the possession of the land as March 1, 1912. The conveyance was to be by warranty deed. Inasmuch as such deed would carry with it the right of possession, the contract could fairly be construed as requiring the execution of the deed on such date and likewise of the purchase money mortgages. The defendant wholly failed to make the payment of February 1st. On February 24th, the plaintiff served upon him a thirty-day notice of forfeiture under the statute. The defendant was already in possession. After the expiration of the thirty-day period the parties had certain oral negotiations whereby it was agreed that the plaintiff should make a written lease of the premises to the defendant for the season of 1912 and should give him an option to buy the same for another period of thirty days and for $48,000. On April 20th, the plaintiff presented a written lease to the defendant in pursuance of such agreement but the defendant refused to join therein on that day. On April 22nd, the plaintiff began an action against the defendant and served him with notice thereof to recover possession of the land. Thereupon the lease involved herein was executed by the parties therein and the defendant continued in possession and farmed the premises

for the year 1912. On the back of this lease was written the following option, duly signed:

"It is agreed by and between the parties hereto that the second party shall have the option to purchase the land herein described upon the following terms, to wit: $3,000 cash on the 1st day of June, 1912, and by executing to the first party two mortgages one for the sum of $18,000 at 5½% and one for the sum of $5,000 both due January 1, 1922, and drawing interest at 5% from January 1, 1912, and assuming the present encumbrance of $22,000 with interest from January 1, 1912. First party reserves the right to extend or increase the present mortgage at a rate not to exceed 5½%, total to be paid for farm to be $48,000.

"The above paragraphs are made a part of this lease.

"H. S. Stone,
"P. F. Howell."

The foregoing option was never exercised by the defendant according to its terms. He did, however, on May 31st offer to the plaintiff three notes of $1,000 each signed by himself and a surety in lieu of the cash payment of $3,000, and these the plaintiff refused to accept.

The contention of the defendant as made here is that the contract of November 14th was never legally forfeited and that it therefore remains in full force; that on February 24th, when the notice of forfeiture was served, the plaintiff was himself in default in that he had not acquired the legal title to the land and did not acquire the same until February 28th; that he never actually tendered a conveyance to the defendant; that he had previously notified the defendant that he had no title and could not convey and did not subsequent to February 28th notify the defendant that he had acquired this title; that the lease was entered into in the mutual mistaken belief that the notice of a forfeiture was effective and that such lease was therefore a fraud upon the defendant.

The argument of the defendant rests largely upon a

foundation of fact which is not fairly sustained by the record. The plaintiff acquired the lands in September, 1911, by executory contract and paid at this time a substantial part of the purchase price. A deed from his grantor was put in escrow in a local bank to be delivered to him at any time upon payment of $3,800. A fair consideration of the evidence will not warrant any other finding than that the plaintiff was at all times able and ready to convey to the defendant upon performance by the defendant. The defendant had been disappointed in the receipt of expected funds and was unable to perform. He so informed the plaintiff who was admittedly importunate in pressing payment. The thirty days' notice having been served on February 24th and the full thirty-day period having expired thereafter, both parties believed that the contract was legally forfeited and that the defendant had no further legal claim thereunder. And in such belief the lease was entered into. Their conduct disclosed the parties' own practical construction of their contract. As already indicated, the contract would fairly bear such construction and this is enough for our present consideration. We find no fraud or misrepresentation or any mutual mistake in a legal sense. Neither do the pleadings tender such issues. The rights of the parties must therefore be determined under this lease and the option appended thereto.

The option called for the payment of $3,000 cash on or before June 1, 1912. The defendant tendered three promissory notes of $1,000 each. His contention is that the plaintiff had orally agreed to accept such notes in lieu of the cash. This is denied by the plaintiff. The notes tendered bore date of March 19th. They had been prepared by the plaintiff on that date and delivered to the defendant. At that time defendant's rights under the contract of November 14th had not been terminated. The thirty-day period following the notice of forfeiture would expire on March 25th or 26th. The defendant was trying to save final default. In order to aid him to that end the plaintiff

2. Contract: consideration: *ex parte* substitution.

agreed to accept the notes of three specified individuals for
$1,000 each. Pursuant to that end he prepared the notes in
question and delivered them to the defendant. The signatures
were never obtained. In May, 1912, the defendant procured
the signature of an uncle, resident in Appanoose county,
upon all these notes and tendered the same to the plaintiff on
May 31st. The signing party was a stranger to the plaintiff.
He was in fact financially responsible. However, neither the
local banks nor the banks in Appanoose county would pur-
chase the notes. So far as the evidence conflicts at this point
we think the clear weight and consistency are with the plain-
tiff.

The evidence will not warrant a finding that the plaintiff
agreed at any time after the execution of the lease and option
to accept notes in lieu of the cash payment stipulated therein.
Defendant's tender of such notes was, therefore, ineffective.

The sum of the situation then is that the defendant
failed to exercise the option and this terminated his right to
claim any interest in the land. *Cold v. Beh,* 152 Iowa 368;

3. VENDOR AND
PURCHASER:
"options":
failure to ex-
ercise: termi-
nation of
rights.

*Hopwood v. McCausland,* 120 Iowa 218; *In
re Shields,* 134 Iowa 559; *Schoonover v. Pet-
cina,* 126 Iowa 261; *Cody v. Wiltse,* 130 Iowa
139; *Tarkington v. Corley,* 59 Iowa 28; *Russell
v. Finn,* 110 Iowa 301.

II. The land involved herein was sold in October, 1912,
by the plaintiff at an advance in price. The negotiations
with the purchasers were had with the knowledge of the

4. CONTRACTS:
termination:
destruction of
subject
matter.

defendant and without any adverse claim
being set up by him. The defendant now
claims, however, that such sales were made
by the plaintiff as his agent under a written
contract of agency entered into between them in January,
1912. The plaintiff was engaged in the real estate business.
On January 17, 1912, while the November contract was in
force and before any default of the defendant, he listed the
lands with the plaintiff for sale. The agency contract gave the

plaintiff the exclusive agency for such sale until July 1, 1912, and thereafter until it should be terminated by a thirty days' notice. No notice of termination of the agency was ever given by the defendant to the plaintiff. It is contended, therefore, that the agency contract continued in force and that the plaintiff must be deemed as an agent of the defendant in the sale subsequently made in October. It is sufficient to say that this contract necessarily went down with the original contract of purchase. The contract of April 23rd necessarily supplanted the previous agreements and fixed the status of the parties with reference to the subject matter. When the defendant's interest in the land finally failed, he could neither create nor continue an agency for its sale.

The record is quite voluminous. The arguments are extensive and discuss many phases of the controversy. Our conclusions here announced are necessarily decisive of the whole controversy and no useful purpose can be subserved in dealing with further details.

We think the decree of the trial court is sustained by the evidence and it is accordingly—*Affirmed.*

LADD, C. J., WEAVER and PRESTON, JJ., concur.