(127 So. 237)

### PARNELL v. COLE.
### 2 Div. 947.

Supreme Court of Alabama.
March 27, 1930.

Barnett, Bugg, Lee & Jones, of Monroeville, and A. M. Pitts, of Selma, for appellant.

Mallory, Mallory & Lapsley, of Selma, for appellee.

GARDNER, J.

B. A. Parnell was engaged in the lumber business in Monroe county, and W. I. Cole assisted in financing the business when need therefor arose. This led to a partnership between the two, the agreement concerning which was reduced to writing and appears in the report of the case. The estimated gross value of the business at that time was $110,-

000, with outstanding indebtedness aggregating $85,121.03. Upon such a basis of valuation it appeared that Parnell had an equity in the business of $24,878.97. The parties had previously verbally agreed, and the written contract was intended to embrace the entire subject-matter of the partnership. The business was successful and the full sum of $85,-121.03 outstanding indebtedness was paid. After cessation of active operations, there was much correspondence between the parties as to division of the profits. Parnell first insisted that he was entitled to draw interest on the $24,878.97, the estimated value of his equity, but later withdrew this insistence and acknowledged he was in error. He subsequently took the position that the written contract was properly to be interpreted as doubly awarding to him this last-named sum, that is, $24,878.97 was to be paid him first out of the assets and secondly out of the profits of the business, and that Cole was not to share in any of the profits until he had first been paid $49,757.94. Cole then filed this bill for an accounting and a settlement of the partnership affairs. Upon final hearing of the cause on pleading and proof had orally before the court, the chancellor rendered a decree disallowing defendant Parnell's contention, and from this decree said defendant prosecutes this appeal.

We think the decree rendered correctly interprets the plain provisions of the written contract. It refers to the outstanding indebtedness, which is shown to have been $85,121.03. This indebtedness bore no relation to the $24,878.97, as this latter sum was reached by a deduction of the outstanding indebtedness from the gross estimated value of the business at $110,000. The contract further discloses this sum of $24,878.97 was considered no part of the indebtedness, as it provided its return to Parnell only out of the profits "accrued or hereafter accruing," further stipulating "that said amount shall be due and payable out of the first profits." The interests of the parties were not equal, Cole to receive $\frac{9}{22}$ and Parnell $13\frac{1}{22}$, a difference based upon the greater contribution of Parnell to the business. The contract makes specific mention of the payment of this sum only once, where it is expressly stated that it shall be payable out of the "first profits," concluding the sentence with the words, "and until that amount has been fully paid, the party of the second part herein shall not participate in such profits in any manner whatsoever."

To accept defendant's contention, the language of this sentence must be changed to admit a double payment of the $24,878.97 before Cole is permitted to share in the profits. We see in the four corners of this contract no justification for such construction. As said in Lee. v. Cochran, 157 Ala. 311, 47 So. 581, 582: "Where a contract is unambiguous, is plain in expression, we know of no canon of construction that warrants an interpretation the only effect of which is to relieve a party to the contract from consequences deemed by him hard or unfair."

We are of the opinion the parties have here expressed their intention without ambiguity and no room for judicial construction is left. We may add, however, that even should the contract be ambiguous in this respect, the parties have made plain the meaning contrary to defendant's contention by the practical construction which they have given it. After the partnership proved successful, and the outstanding indebtedness paid, Parnell first deducted the sum of $24,878.97, and proceeded to distribute the remaining profits in accordance with the respective interests of the parties as shown by the contract. The letter of Parnell dated September 4, 1926, inclosing check for $1,101.11 in payment of Cole's share of distributed profits to July 1, 1926, serves as a very clear and forceful demonstration of his construction of the contract on that date, for it also refers to future payments to Cole as the remaining assets are liquidated and no intimation whatever of any claim on his part of an additional $24,878.97. Such a construction, given a contract by the parties in dealing with each other under it, "are aids, and sometimes conclusive, in its judicial construction." Crass v. Scruggs, 115 Ala. 258, 22 So. 81, 83.

The record presents a very strong case of practical construction in refutation of defendant's present contention.

We are of the opinion the chancellor has correctly interpreted the contract and that his decree is free from error. It will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.