LIBIN, ETC., ET AL. *v.* PETERS, ET UX.

[No. 17,644.   Filed October 27, 1947.   Rehearing denied December 4, 1947.   Transfer denied January 6, 1948.]

*Edwin J. Fitzgerald,* of Hammond, attorney for appellants.

*Fred Barnett,* of Hammond, attorney for appellees.

ROYSE, J.—On or about June 25, 1943, appellees entered into a written lease with option to purchase the real estate involved in this action. The pertinent provisions of the contract are as follows:

"That the Lessor for and in consideration of the covenants and agreements of the lessees as herein set forth, to be kept and performed by the said Lessees, has this day demised and leased and by these presents does demise and lease unto said Lessees or to the survivor of them, and their respective administrators, executors, heirs, legatees and assigns, the following described real estate and improvements located thereon, situated in the town of Hammond, County of Lake and State of Indiana, and known and described, as follows, to-wit: . . . .

"To have and to hold the same unto the said Lessees, with the rights, privileges, easements and appurtenances thereunto attached and belonging, and to the survivor of them or their assigns, *for a term of 12 mos. from date.* Option to purchase may be exercised after four months from date. . . .

"It is further covenanted and agreed by the Lessor that for and in consideration of the sum of Two Hundred and no/100—($200.00) Dollars, this date paid by Lessees to Lessor, the receipt of which is acknowledged, the said Lessees shall have and are hereby given the option to purchase the above real estate *at any time during the term hereof* for the sum of: Fifty-six Hundred and no/100— ($5600.00) Dollars, by notifying the Lessor of their intention to do so and by assuming the obligation and debt then existing upon any mortgage thereon and paying or delivering cash or other property acceptable to Lessor for the difference between said mortgage balance and the aforesaid price, provided, however, that Lessees shall be entitled to a credit upon said purchase price of the aggregate of all rental payments made hereunder less a sum equal to six per cent upon the aforesaid purchase price from this date to the date said option is exercised and also less the aggregate sum of all taxes paid by the Lessor, or deposited with the Mortgagee by the Lessor, Fire and Hazard Insur-

ance premium, F.H.A. Premiums, and should Lessor elect to require a mortgage transfer, charges as may be made by the Mortgagee therefor, it being understood that it is intended hereby to make the purchase and sale of said real estate as of this date, in the event such option is hereafter exercised by the Lessees. In the event such option is exercised as aforesaid the Lessors shall make a sufficient warranty deed conveying said real estate to Lessees subject to said mortgage which Lessee agrees to assume and shall evidence a merchantable title thereto, as evidenced by a guaranty policy of a responsible title and guaranty company down to such closing date. Thereafter, this lease shall be terminated. Provided, further, that in the event this agreement provides for the purchase of more than one unit it is understood and agreed that the other unit purchased must be leased in accordance with F.H.A. regulations." (Our emphasis.)

On July 3, 1946, appellees notified appellants in writing of their election to exercise said option and offered to pay them the sum due under the contract. Appellants refused to execute a deed for the premises and did not accept the money offered. Thereafter, appellees brought this action against appellants for specific performance of the contract and asked that their title be quieted in and to the property. The contract was made a part of the complaint. Appellants demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action. In their memorandum filed with the demurrer, appellants say, in part:

"The complaint seeks to predicate a right of action and it seeks the remedy and relief upon the theory that the plaintiffs exercised their option to purchase the property in question. The complaint shows upon its face, first, by the written lease that is attached thereto and made a part thereof, that the written lease commenced on the 25th day of June, 1943, and ended twelve (12)

months thereafter, and the said lease further shows that the option "may be exercised at any time during the existence of lease," which was at any time during the twelve (12) month period commencing on the 25th day of June, 1943, and ending twelve (12) months thereafter. The plaintiffs' complaint shows upon its face that the said option was not exercised within the twelve (12) month period, as provided for by the lease, but that the first time that plaintiffs attempted to exercise their option and the first notification thereof was made on July 3rd, 1946, and since the complaint shows upon its face that the plaintiffs did not exercise their option within the time provided for by the option contract agreement, therefor, the complaint fails in total to show an existing cause of action against the defendant, Evelyn Libin, a spinister."

The trial court overruled appellants' demurrers, they elected to abide their demurrers and refused to plead further, whereupon the trial court entered judgment in favor of appellees against appellants.

The appellees contend the contract herein, although designated a lease, is in fact a contract of purchase. In support of this contention they rely on the cases of *In re Spurgeon* (1920), 72 Ind. App. 580, 126 N. E. 238; *In re Aurora Gaslight, etc., Co.* (1917), 64 Ind. App. 690, 113 N. E. 1012; *Mendenhall* v. *The First New Church, etc.,* (1912), 177 Ind. 336, 98 N. E. 57. The contracts in each of those cases were clearly distinguishable from the contract herein. The provisions regarding the payment of taxes, insurance, etc., referred to were a part of the terms of the lease in those cases. In this case these provisions are a part of the option clause which is collateral to the lease. In the above cases none of the contracts considered had an option clause. In our opinion the contract herein is a lease with option to purchase.

Because of the conclusion we have reached it is only necessary for us to determine whether the option was in effect when, according to the allegations of the complaint, appellees first notified appellants of their election to exercise said option.

The law seems to be well settled that where there is an option clause in a lease the grantor is not bound by the option unless the grantee notifies said grantor within the time specified of his acceptance of its terms and conditions. Where the original lease has expired and the tenant remains in possession upon the terms of the original lease the option is not thereby renewed. 32 Am. Jur. 285, § 308; 17 C. J. S. 399, §·51-(b) ; *In re Leeds & B. Breweries* (1920), (Eng.), 11 BRC 146; *Friederang* v. *Ruth Aldo Co.* (N. Y.) 199 App. Div. 127; *Lee* v. *Cochran* (1908), 157 Ala. 311; *Stone* v. *Powell* (1914), 168 Iowa 282; *Mueller* v. *Nortmann* (1903), 116 Wis. 468; *Steele* v. *Bond* (1884), 32 Minn. 14; *Harding* v. *Gibbs* (1888), 125 Ill. 85; *Kritz* v. *Moon* (1928), 88 Ind. App. 5, 163 N. E. 112; *Tyler* v. *Tyler* (1942), 111 Ind. App. 607, 611, 40 N. E. 2d 983 (Transferred denied).

In this case the option expired June 25, 1944. Appellees in their complaint allege they first notified appellants of their election to accept the option on or about July 3, 1946. This was more than two years after the option had expired. Therefore, the trial court erred in overruling appellants' demurrer.

Judgment reversed with instructions to the trial court to sustain the demurrer of appellants.

NOTE.—Reported in 75 N. E. 2d 162.