(No. 32409.—)

LAWRENCE J. WANOUS, Appellant, *vs.* SAM BALACO *et al.,* Appellees.

*Opinion filed September 17, 1952.*

546

Ross ARMBRUSTER, of Alton, for appellant.

EMERSON BAETZ, and I. H. STREEPER III, both of Alton, for appellees.

Mr. CHIEF JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiff, Lawrence J. Wanous, brought an action in the circuit court of Madison County to obtain specific performance of a contract for the sale of land, or in the alternative for money damages. Defendants filed a motion for summary judgment or decree which was granted and plaintiff appeals to this court, a freehold being involved.

From the pleadings it appears that in 1945 plaintiff leased certain property from the defendant bank which was acting as trustee for the defendant Sam Balaco. A written lease was executed, the term of which was from June 1, 1945, to March 1, 1950. This lease contained no covenant or option for renewal or extension, but did contain the following provision, which plaintiff now relies upon to sustain his right to specific performance: "Lessors agree to give to Lessee the right to purchase the premises mentioned in this Lease, *during any part of the term of said Lease* for the sum of Thirteen Thousand Five Hundred Dollars ($13,500.00) cash." (Emphasis supplied.)

In May, 1950, the bank reconveyed the property to Balaco, who was the sole owner when the present action was instituted. Notwithstanding the expiration of the lease, plaintiff remained in possession and paid rent until March 29, 1951, when Balaco served notice on plaintiff that his tenancy would terminate May 1, 1951. It was apparently at that time that plaintiff attempted to take advantage of the purchase option, for this action was commenced April 2, 1951.

The complaint alleged that the term of the lease and all provisions thereof, including the option, had been ex-

tended until March 1, 1952. This was denied by defendants' motion for summary judgment, which denial was supported by affidavits of Balaco and a bank official that no oral or written agreements had ever been made providing for the renewal or extension of the lease. Plaintiff filed a counteraffidavit stating that "there was an oral agreement that said lease and the option to purchase would continue from year to year, beginning March 1, 1950." This statement does not comply with the rules of this court governing the use of affidavits in opposition to motions for summary judgment. Rule 15 (Ill. Rev. Stat. 1951, chap. 110, par. 259.15,) provides that such affidavits shall not consist of conclusions, but of such facts as would be admissible in evidence and shall affirmatively show that affiant, if sworn as a witness, could competently testify thereto. Manifestly the statement that there was an agreement is a mere conclusion. (*Town of Evans* v. *Dickey,* 117 Ill. 291.) Therefore, on the record, it is uncontroverted that there was no agreement for the renewal or extension of the lease and option.

However, this does not dispose of the case, for plaintiff argues that, even in the absence of an agreement, the mere holding over after the term had expired made him a tenant from year to year upon the same terms as the original lease, including the option. We agree that the holding over and payment of rent made plaintiff a tenant from year to year. Therefore, at the time he attempted to exercise the option he was such a tenant, commencing his second year to year tenancy. The sole question which we must decide is whether the option to purchase became one of the terms of the year to year tenancy.

Plaintiff relies heavily upon *Hindu Incense Mfg. Co.* v. *MacKenzie,* 403 Ill. 390, claiming it to be decisive of the present case. In that case, the lease contained an option to purchase and an option to renew upon the same terms and conditions. The option to renew was properly exer-

cised by the tenant and it was held that when the lease was renewed, all the provisions thereof, including the purchase option, were renewed. This court there held that an option to purchase was an integral part of the lease and not an independent covenant. We cannot agree that the *Hindu Incense case* is decisive here. In the case at bar there was no agreement or covenant for renewal. The continued possession coupled with the payment of rent did not *renew* the old lease, but created a *new* tenancy from year to year upon the same terms as the old lease, only so far as they are applicable to the new condition of things. *Weber* v. *Powers,* 213 Ill. 370.

Defendants, to sustain the decree below, cite cases from other jurisdictions which hold that a purchase option cannot be exercised by a holdover tenant. In those cases, however, it was held that an option to purchase is an independent covenant and for that reason does not become one of the terms of the holdover tenancy. (*Andreula* v. *Slovak Gymnastic Union,* 140 N. J. Eq. 171, 53 Atl. 2d 191; *Spaulding* v. *Yovino-Young,* 30 Cal. 2d 138, 180 Pac. 2d 691; *Libin* v. *Peters,* 118 Ind. App. 27, 75 N.E. 2d 162.) Since we have held that an option to purchase is not an independent covenant, these cases are not of persuasive effect.

We believe, however, that even though a purchase option is held to be an integral part of a lease and, therefore, renewed when the lease is renewed, it is not such a provision as will be incorporated in a year to year tenancy created by operation of law. Not every provision in a written lease is made a part of a holdover tenancy— only those terms applicable to the new condition of things are so treated. For example, in *Weber* v. *Powers,* 213 Ill. 370, a power of attorney to confess judgment for rent due on a written lease was held inapplicable to a holdover tenancy. We believe that the option to purchase for a certain sum "during the term of this lease" is not such a pro-

vision as is applicable to the new tenancy and the new condition of things.

We, therefore, hold that the option was not a part of the holdover tenancy. The action of the trial court allowing defendants' motion for summary judgment and decree was correct and is affirmed.

*Decree affirmed.*