Irving Eilers, as Conservator of Elizabeth Eilers, an Incompetent, Plaintiff-Appellee, v. Gardner La-Verne Eilers, Defendant-Appellant.

**Gen. No. 9,888.**

Opinion
filed June 19, 1953. Released for publication July 7, 1953.

C. G. COLBURN, of Virginia, for appellant.

NORTHCUTT & REITHER, of Beardstown, for appellee.

MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

Plaintiff-appellee, Irving Eilers, as conservator of Elizabeth Eilers, under appointment duly made August 9, 1949, filed his complaint in the circuit court of Cass county on July 14, 1950, for an accounting alleging that since March 1, 1943, Gardner LaVerne Eilers, defendant-appellant, had continuously been and then remained in possession of certain Cass county farm land held by said Elizabeth Eilers as life tenant; that defendant held the remainder interest in said premises and was in possession thereof during said period under an agreement with the life tenant providing that he should pay to her as rent for said premises two-fifths of the crops raised thereon and that defendant on demand had refused to account therefor.

Defendant's motion to dismiss the complaint, asserting the bar of the Statute of Limitations, was denied, whereupon defendant filed his answer which, as thereafter amended, denied liability for allegedly unpaid rent, reasserted the Statute of Limitations as a defense, and set forth a counterclaim alleging that under an oral agreement between himself and the life tenant entered into in the summer of 1947, the latter had waived payment of further rent until such time as the

456

rent accruing under said agreement should be equal to sums expended by him for insurance, taxes, upkeep and certain improvements on the premises in question and further alleged that the sums so expended were substantially in excess of the total amount of rents accrued under the rental agreement alleged by plaintiff.

Plaintiff's motion to dismiss the counterclaim as amended in certain details not material here, was denied, but his motion to dismiss the affirmative defense of the Statute of Limitations was allowed. Plaintiff then answered, denying the allegations of the counterclaim, asserting the Statute of Frauds as a bar thereto, and further alleging lack of consideration therefor because upon termination of the life estate all benefits under the alleged waiver agreement would inure to defendant as remainderman.

The death of plaintiff's incompetent being suggested, plaintiff was substituted as administrator of her estate and the cause was tried before the court on the issues made by the complaint and answer and the counterclaim, answer and reply thereto. At the hearing a written lease dated March 1, 1943, apparently produced pursuant to plaintiff's demand upon defendant, was introduced in evidence by plaintiff. This lease demised the premises in question to defendant for a period of one year, obligated him to pay as rent therefor fifty ($50.00) dollars cash in advance, plus two-fifths of all grain and seed raised on the premises and further provided: "This lease may be renewed at the same terms by endorsement thereon."

At the conclusion of the hearing, plaintiff, with leave of court, amended his complaint to allege that through mutual mistake of the parties to the foregoing lease, the term therein demised was erroneously described as ending February 28, 1943, instead of February 28, 1944, and prayed that it be reformed accordingly.

457

The court thereupon entered a decree finding that on or about March 1, 1943, defendant went into possession of the premises in question under a written lease with plaintiff's intestate for a period of one year; that defendant was to pay as rent two-fifths of the grain grown on said premises; that the lease agreement continued thereafter from year to year down to May 21, 1951, the date of death of plaintiff's intestate; that the oral contract alleged in defendant's counterclaim was not sustained by the evidence and "that there is due plaintiff . . . an accounting from . . . defendant for all the rents and profits accruing from the premises here involved."

As ground for reversal of this decree defendant urges in substance: (1) that plaintiff's action is barred *in toto* by the five-year Statute of Limitations, and (2) that the evidence sustains the agreement alleged in his counterclaim.

 It would serve no purpose to detail the evidence tending to sustain defendant's counterclaim as we are unable to conclude upon careful examination thereof that the trial court's finding on that issue is contrary to the manifest weight of the evidence. In these circumstances, as has been repeatedly announced, the trial court's determination will not be disturbed. It is to be noted moreover that defendant's counterclaim is essentially a plea of confession and avoidance rather than a denial of any underlying obligation whatever to pay rent and he apparently does not seriously contend on this appeal that such obligation, which is to be implied from his admitted occupation of the premises, if for no other reason, has not been proved or that it has been fully discharged in any manner. Accordingly, it is clear that the accounting was properly allowed unless plaintiff's action is barred by the Statute of Limitations.

■ Defendant urges that plaintiff's cause of action arose March 1, 1944, when rent for the first year's occupancy became due and that recovery is accordingly barred for the entire period in question by that part of chapter 83, paragraph 16, Illinois Revised Statutes 1951 [Jones Ill. Stats. Ann. 107.275], which provides: "All civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." Manifestly this contention is untenable. As defendant was in possession from March 1, 1943, to March 1, 1944, under the above described written lease, the time for commencement of action to recover rent for that period is expressly governed by Ill. Rev. Stat. 1951, chapter 83, paragraph 17 [Jones Ill. Stats. Ann. 107.276], which provides: "Actions on . . . written leases . . . shall be commenced within ten years next after the cause of action accrued . . ."

■■ Early Supreme Court cases holding that actions of accounting are barred in five years as civil actions "not otherwise provided for," (*Quayle v. Guild,* 91 Ill. 378; *Bonney v. Stoughton,* 122 Ill. 536; *Richardson v. Gregory,* 126 Ill. 166), are clearly distinguishable because the causes of action there involved were not based upon written contracts. The form of action in which relief is sought certainly is not determinative of the limitation period applicable to the underlying contract.

■ Equally without merit is defendant's contention that plaintiff's cause of action for the whole period accrued at the end of the first year of occupancy. In the circumstances shown we are unable to conceive of any theory under which plaintiff could have recovered future rent by action brought at the end of the initial term covered by the written lease.

There is no evidence whatever that this lease was expressly renewed at any time subsequent to March 1,

1943, either through endorsement thereon contemplated by its terms or otherwise. It is entirely clear that defendant held over after the original term and continuously thereafter until the death of the life tenant, and it is apparent that she acquiesced therein and recognized the tenancy.

▮▮▮▮▮ The doctrine is well recognized in this and other jurisdictions that in the absence of evidence of agreement to the contrary, a holding over in such circumstances creates by implication a new tenancy from year to year, upon the terms of the old lease so far as they are applicable to the new condition of things (51 C. J. S. 733). While some of the Illinois cases have emphasized the payment of rent as a factor to be considered in determining whether a new tenancy has been created, the general rule has been stated to be that acceptance of rent payments by the lessor is to be regarded merely as evidence of his recognition of the new tenancy, and his consent to the holding over (51 C. J. S. 737). As there is ample evidence of such consent and acquiescence in the instant case, it seems clear that the trial court correctly held that a tenancy from year to year was created, even though there is lacking proof that defendant paid in full the rent due under the terms of the lease during any year of his occupancy.

▮▮▮▮▮ It has been held that where land is leased for a year, and the rent is payable in crops, the rent is not due until the end of the term in the absence of agreement or proof of custom to the contrary (*Dixon v. Niccolls*, 39 Ill. 372), and it is accordingly clear from the foregoing that in the instant case successive annual causes of action for the preceding year's rent accrued against defendant at the end of each year of his occupancy; beginning March 1, 1944, and continuing thereafter until the date of termination of the life estate.

▮▮▮▮▮ It has recently been emphatically pointed out by the Supreme Court in similar circumstances that

460

"continued possession coupled with the payment of rent (does) not *renew* the old lease, but (creates) a *new* tenancy from year to year upon the same terms as the old lease . . ." (*Wanous v. Balaco,* 412 Ill. 545). From this doctrine it would appear inevitably to follow that the year to year tenancy created in the instant case upon the expiration of the original term cannot be deemed an adoption or renewal of the original written lease by implied endorsement thereon as its terms contemplate. To the contrary the rights and obligations of the parties during the period subsequent to March 1, 1944, are determined by a new implied lease and actions for the recovery of rent thereunder must be brought within the time specified by paragraph 16, chapter 83, Ill. Rev. Stat., relating to implied unwritten contracts.

The complaint was filed July 14, 1950, and action for annual rent accruing prior to July 14, 1945, is accordingly barred except, of course, for the term covered by the written lease and except insofar as the evidence to be taken on the accounting may show that part payment of rent accruing prior to July 14, 1945, was made by defendant after that date in such circumstances as to revive the period of limitation in accordance with well settled principles. It is clear from the evidence that payment of cash rent as specified in the original written lease was waived by plaintiff's intestate for all periods subsequent to the expiration of the term of the written lease. Accordingly, as to the period subsequent to March 1, 1944, the decree correctly directs that the accounting be based upon the value of grain raised upon the premises.

It appears, however, that plaintiff is entitled to an accounting for the cash rent for the period covered by the written lease. From the foregoing it follows that the trial court erred in allowing without reservation plaintiff's motion to dismiss the affirmative

461

defense of the Statute of Limitations and likewise erred in decreeing that plaintiff was entitled to an accounting for the entire period without reference to and consideration of the bar of the Statute of Limitations in the manner indicated above. In all other respects the decree was proper.

The judgment of the circuit court is affirmed in part and reversed and remanded in part in accordance with this opinion, for further proceedings. Costs are to be taxed against defendant-appellant.

*Affirmed in part and reversed and remanded in part.*