**OPINION ON REHEARING**



FILED

Aug 15 2019, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Anne K. Ricchiuto
Jane Dall Wilson
Stephanie L. Boxwell
Faegre Baker Daniels LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
BOARD OF COMMISSIONERS OF
THE COUNTY OF FLOYD

Richard Fox
Kristi L. Fox
Fox Law Offices
New Albany, Indiana

Bart A. Karwath
Mark J. Crandley
Barnes & Thornburg LLP
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

City of New Albany,

*Appellant-Intervenor/Counterclaimant,*

v.

Board of Commissioners of the
County of Floyd,

*Appellee-Plaintiff/Counterclaim
Defendant,*

New Albany Floyd County
Indiana Building Authority,

*Appellee-Defendant/Cross-Claim
Defendant.*

August 15, 2019

Court of Appeals Case No.
18A-MI-1627

Appeal from the Floyd Superior
Court

The Honorable Vicki Carmichael,
Special Judge

Trial Court Cause No.
22D02-1804-MI-598

**Bradford, Judge.**

[1] The City of New Albany ("the City") has petitioned for rehearing, contending, contrary to our opinion in this case, that a purchase option included in an original lease does not carry over into a holdover tenancy like the other terms and conditions of the original lease. We grant the City's petition for the sole purpose of addressing its contention; however, we disagree, and our original opinion remains unchanged.

[2] In support of its contention, the City directs our attention to *Libin v. Peters*, in which another panel of this court concluded that "[w]here the original lease has expired and the tenant remains in possession upon the terms of the original lease the option is not thereby renewed." 118 Ind. App. 27, 31, 75 N.E.2d 162, 164 (Ind. Ct. App. 1947). While the holding in *Libin* is duly noted, it appears to be an outlier from the case law developed by this court regarding holdover tenancy. In *Penmanta Corp. v. Hollis*, we concluded that an exculpatory clause in the original lease carried over into the holdover tenancy, reasoning that "[i]t has

been held that where a tenant holds over after the lease has expired the inference that the parties consent to a continuation of the same terms is so strong that it is adopted as a rule of law." 520 N.E.2d 120, 122 (Ind. Ct. App. 1988); *see also City of Bloomington v. Kuruzovich*, 517 N.E.2d 408, 411 (Ind. Ct. App. 1987) ("Generally, when a tenant holds over past the term of his lease, the lease is renewed. The renewed lease contains the same terms, and is subject to the same conditions, as the original lease."). More recently, we noted that

> In the absence of an agreement to the contrary, when a tenant holds over beyond the expiration of the lease and continues to make rental payments, and the lessor does not treat the tenant as a trespasser by evicting him, the parties are deemed to have continued the tenancy under the terms of the expired lease.

*Houston v. Booher*, 647 N.E.2d 16, 19 (Ind. Ct. App. 1995) (internal citations omitted). We find these cases highly persuasive in supporting our conclusion that a purchase option in an original lease carries over into the holdover tenancy along with all of the other terms and conditions in the original lease. As in *Houston*, we continue to agree with Judge Sullivan's concurring opinion in *Penmanta Corp.*, in which he stated that "[i]f terms and conditions of an original lease (other than the duration of the tenancy) are to be excluded from a holdover relationship, that determination should come from the General Assembly or the Indiana Supreme Court." 520 N.E.2d at 123.

[3] While we grant the City's petition to address its contention, we deny its request to alter the analysis or disposition of our original opinion, which will remain unchanged.

Bailey, J., and Brown, J., concur.