



FILED

Mar 23 2020, 11:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-MI-674

## City of New Albany,
*Appellant (Intervenor/Counterclaimant below),*

−v−

## Board of Commissioners of the County of Floyd,
*Appellee (Plaintiff/Counterclaim Defendant below).*

Argued: February 20, 2020 | Decided: March 23, 2020

Appeal from the Floyd Superior Court
No. 22D02-1804-MI-598
The Honorable Vicki Carmichael, Special Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 18A-MI-1627

**Opinion by Justice David**

Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

**David, Justice.**

In this dispute about the ownership of a criminal justice center, we hold that the turn-over provision in the lease between the county and the building authority is valid and enforceable. Thus, we affirm the trial court.

# Facts and Procedural History

In the 1950s, Floyd County and the City of New Albany formed the New Albany, Floyd County Indiana Building Authority ("the Building Authority") to issue bonds to finance a city-county building. Between 1991 and 1992, the Building Authority again issued bonds in order to finance a criminal justice center ("The Center"). This Center is adjacent to the City-County Building and is home to the City's police department and the County's Sheriff's department and jail. Pursuant to an inter-local agreement, the Building Authority would own the Center, the County would lease it and the City would sublease space from the County. The County would finance the lease by using tax revenues from both the County and the City.

To that end, in September of 1992, the County and the Building Authority executed a lease with a fifteen-year term starting in 1993. The lease terms included a turn-over provision ("the Turn-Over Provision") which provided:

> In the event [the County] has not exercised its option to purchase the [Center] in accordance with Section 9 hereof and has not exercised its option to renew this Lease in accordance with Section 10 hereof, then, upon expiration of this Lease and upon full performance by [the County] of its obligations under this Lease, the [Center] shall become the absolute property of [the County], and, upon [the County's] request, [the Building Authority] shall execute proper instruments conveying to [the County] all of [the Building Authority's] title thereto.

Appellant's App. Vol. III at 16–17.

The lease also included a statutory application provision which provided that:

> [the Building Authority] was organized for the purpose of constructing and erecting the City County Building and leasing the same to [the County] under the provisions of the Indiana Code 36-9-13. All provisions herein contained shall be construed in accordance with the provisions of said Chapter, and to the extent of inconsistencies, if any, between the covenants and agreements in this Lease and provisions of said Chapter, the provisions of said Chapter shall be deemed to be controlling and binding upon [the Building Authority] and [the County].

*Id*. at 18.

The lease expired in September 2008, and thereafter, the City and the County continued to occupy the Center, splitting the costs proportionally, based on the amount of space each occupied. In 2015, the County began negotiations with Building Authority for renovations of the Center. In 2018, the County requested that the Building Authority transfer title of the Center to the County pursuant to the Turn-Over Provision in the parties' lease.

The Building Authority declined to transfer title and the County filed suit in April of 2018, seeking declaratory judgment and specific performance, among other things. At the county's request, the trial court expedited the proceedings. In May 2018, the trial court granted the City of New Albany's request to intervene. In June 2018, the trial court entered declaratory judgment in favor of the County, concluding that the Turn-Over Provision in the lease was valid pursuant to Indiana Code section 36-9-13-22(a)(6). It ordered that the title be given to the County and dismissed all other pending claims.

The City appealed arguing that under Indiana Code section 36-9-13, the Turn-Over Provision was not valid. The Court of Appeals agreed and

further held, sua sponte, that the County, as a holdover tenant could still exercise the purchase option in the lease. *City of New Albany v. Bd. of Comm'rs of Cty. of Floyd*, 125 N.E.3d 636, 641 (Ind. Ct. App. 2019), *adhered to on reh'g*, 130 N.E.3d 660 (Ind. Ct. App. 2019), *and trans. granted, opinion vacated*, 138 N.E.3d 961 (Ind. 2019).

Both parties petitioned for transfer, which we granted. Ind. Appellate Rule 58(A).

# Standard of Review

Matters of statutory interpretation are reviewed *de novo*. *Rodriguez v. State*, 129 N.E.3d 789, 793 (Ind. 2019). This Court "presumes that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010).

# Discussion and Decision

At issue is whether the Turn-Over Provision in the lease is valid. The County argues that it is, and the City argues it is not. The disagreement hinges on whether the Turn-Over Provision is consistent with Indiana Code section 36-9-13 et seq. as the lease states that:

> [the Building Authority] was organized for the purpose of constructing and erecting the City County Building and leasing the same to [the County] under the provisions of the Indiana Code 36-9-13. All provisions herein contained shall be construed in accordance with the provisions of said Chapter, and to the extent of inconsistencies, if any, between the covenants and agreements in this Lease and provisions of said Chapter, the provisions of said Chapter shall be deemed to be controlling and binding upon [the Building Authority] and [the County].

Appellant's App. Vol. III at 18.

Indiana Code Section 36-9-13-22 provides a list of various powers specifically given to the board of directors of building authorities. The only power listed therein related to the transfer of property provides that a building authority "may … acquire real or personal property by gift, devise, or bequest and hold, use, or dispose of that property for the purposes authorized by this chapter." Ind. Code. § 36-9-13-22(a)(6).

Our Court of Appeals held and the City argues that use of the word "that" meant that *only* property gifted, devised or bequested could be disposed (or in this case, turned over). However, the County argues that Indiana Code section 36-1-11-8 provides for a transfer to the government:

> A transfer or exchange of property may be made with a governmental entity upon terms and conditions agreed upon by the entities as evidenced by adoption of a substantially identical resolution by each entity. Such a transfer may be made for any amount of real property, cash, or other personal property, as agreed upon by the entities.

The Court of Appeals majority found that Indiana Code section 36-9-13-22(a)(6) and Indiana Code section 36-1-11-8 are in "irreconcilable conflict" and further, that the "more specific" statute, Indiana Code chapter 36-9-13, applied. *City of New Albany*, 125 N.E.3d at 641. Judge Brown dissented, believing that the statutes were not in conflict and that the County should be able to rely upon section 36-1-11-8, a section that governs transfers specifically to governmental entities. *Id.* at 642 (Brown, J., concurring in part, dissenting in part).

We agree with Judge Brown that there is no conflict between the two statutes. While Indiana Code section 36-9-13-22 sets forth various specific powers of the board of directors of a building authority, it does not by its plain language limit a building authority's ability to transfer property. Instead, it provides, among other things, for a building authority to receive gifts, devises or bequests of property and then once received, for the ability to dispose of that property. Ind. Code § 36-9-13-22(a)(6). There

is nothing in section 22 to suggest that these are the only powers granted to a building authority or that this section provides the sole manner for disposing of property belonging to a building authority.

Indiana Code section 36-1-11-8 provides more broadly that governmental agencies, including but not limited to municipal corporations like a building authority, may transfer or exchange property. (See Ind. Code section 36-1-11-1, listing the chapter's applicable entities for the purposes of property disposal.)  The fact that there are multiple code sections that give a building authority the ability to transfer property does not, by itself, mean that that the statutes are inconsistent absent some language that indicates as much. *See Ind. Alcohol & Tobacco Comm'n v. Spirited Sales, LLC*, 79 N.E.3d 371, 376 (Ind. 2017) (citation omitted) ("We may not add new words to a statute which are not the expressed intent of the legislature.").  Because these two statutes can operate under their own separate requirements that do not conflict, both can and should be given meaning and effect without overriding one another.  *Rodriguez*, 129 N.E.3d at 796.

Additionally, as the County notes, the General Assembly adopted the statutes during the same legislative session. *See* 1981 Ind. Acts 763-819 (Ind. Code section 36-1-11-1 et seq.); 1981 Ind. Acts 2762-64 (Indiana Code section 36-9-13-22).  Thus, neither statute is supplemental to, or overwritten by the other.  "Statutes passed during the same legislative session should be interpreted as harmonious, so as to give effect to each." *Ware v. State*, 441 N.E.2d 20, 22 (Ind. Ct. App. 1982) (citations omitted).  Accordingly, there is no indication that the two statutes are in conflict and we will not read them as such when they both can stand independent of one another.

## Conclusion

Because the Turn-Over Provision in the lease is valid, we affirm the trial court.

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANT

Brian J. Paul

Anne K. Ricchiuto

Jane Dall Wilson

Stephanie L. Gutwein

Faegre Drinker Biddle & Reath LLP

Indianapolis, Indiana

Shane L. Gibson

New Albany, Indiana

ATTORNEYS FOR APPELLEE

Richard R. Fox

Kristi L. Fox

Fox Law Offices

New Albany, Indiana

Bart A. Karwath

Mark J. Crandley

Barnes & Thornburg, LLP

Indianapolis, Indiana